Suzanne Kay **DOUBRAVA,** Appellant,

v.

**STATE of Texas,** Appellee.

No. 11–95–00240–CR.

Court of Appeals of Texas, Eastland.

Dec. 17, 1998.

Rehearing Overruled Jan. 21, 1999.

Judith Martin Prince, Attorney at Law, Houston, for appellant.

John B. Holmes, District Attorney of Harris County, Houston, for appellee.

Before ARNOT, C.J., and DICKENSON, J., and WRIGHT, J.

## OPINION

W.G. ARNOT, III, Chief Justice.

On April 1, 1993, Suzanne Kay Doubrava entered a plea of guilty to the allegations that she appropriated more than $20,000.00 from EXXON USA. Pursuant to a plea bargain agreement, the trial court deferred the adjudication of guilt, placed appellant on community supervision for 10 years, ordered that she pay $46,504.25 in restitution, and assessed a $1,000 fine. On April 27, 1995, after a hearing on the State's motion to adjudicate, the trial court found that appellant violated the terms and conditions of her community supervision by failing to report as ordered. The trial court then revoked her community supervision, adjudicated her guilt, and sentenced her to confinement for 5 years. We affirm.

■ Appellant has briefed 20 points of error. Both at the time that the trial court deferred the adjudication of guilt and then revoked appellant's deferred community supervision, the former rules of appellate procedure applied.[1] Appellant perfected this appeal under former TEX.R.APP.P. 40(b)(1), which provided that:

[I]f the judgment was rendered upon his plea of guilty or nolo contendere pursuant to Article 1.15, Code of Criminal Procedure, and the punishment assessed does not exceed the punishment recommended by the prosecutor and agreed to by the defendant and his attorney, in order to prosecute an appeal for a nonjurisdictional defect or error that occurred prior to entry of the plea the notice shall state that the trial court granted permission to appeal or shall specify that those matters were raised by written motion and ruled on before trial.

The filing of a general notice of appeal limited the defendant to raising jurisdictional defects. Former Rule 40(b)(1); *Lyon v. State*, 872 S.W.2d 732 (Tex.Cr.App.), *cert. den'd*, 512 U.S. 1209, 114 S.Ct. 2684, 129 L.Ed.2d 816 (1994). The requirements of the special notice of appeal under former Rule 40(b)(1) applied when a defendant was originally placed on deferred community supervision, was subsequently adjudicated, and then perfected an appeal. *Watson v. State*, 924 S.W.2d 711 (Tex.Cr.App.1996). The notice of appeal could not be amended to add the required language. *Jones v. State*, 796 S.W.2d 183 (Tex.Cr.App.1990).

■ Appellant filed a general notice of appeal on April 28, 1995. On May 26, 1995, appellant filed a supplemental notice of appeal, deleting reference to former Rule 40(b)(1) and changing the person designated as "Defendant Pro Se." At that time, appellant was limited to complaining of jurisdictional defects. We note that the record reflects that the trial court specifically denied permission to appeal and that the only pretrial motion was appellant's motion to defer the adjudication of her guilt. We also note that appellant did not amend her notice of appeal to meet the requirements of former Rule 40(b)(1) or new TEX.R.APP.P. 25.2(b)(3). See TEX.R.APP.P. 25.2(d). Therefore, this court does not have authority to consider Points of Error Nos. 1 through 13 and 17 through 20 which raise nonjurisdictional defects. See *Rodriquez v. State*, 972 S.W.2d 135 (Tex.App.—Texarkana 1998, review granted).

■ In her fourteenth through sixteenth points of error, appellant challenges the voluntariness of her plea. Former Rule 40(b)(1) did not preclude appellant from challenging the voluntariness of her plea on appeal. *Flowers v. State*, 935 S.W.2d 131 (Tex.Cr.

---

1. The Texas Rules of Appellate Procedure were revised effective September 1, 1997.

App.1996). Appellant specifically argues that the trial court's failure to admonish her pursuant to TEX. CODE CRIM. PRO. ANN. arts. 26.13(a)(3), 26.13(a)(4), and 42.12, § 5 (Vernon 1989 & Supp.1997) rendered her plea involuntary.

■ In her motion requesting the trial court to defer the adjudication of her guilt, appellant stated that her attorney fully explained to her the requirements of deferred adjudication and the consequences of failing to comply with the terms of her community supervision. The trial court's order deferring adjudication of guilt and placing appellant on community supervision stated that the trial court admonished appellant of the consequences of her plea. The trial court's docket entry reflects that appellant was admonished concerning the consequences of her plea. At the hearing to adjudicate and in her motion for new trial, appellant did not challenge or question the sufficiency of the admonishments. Appellant has not established that the trial court failed to substantially comply with the requirements of TEX. CODE CRIM. PRO. ANN. art. 26.13(a) (Vernon 1989 & Supp.1998). TEX. CODE CRIM. PRO. ANN. art. 26.13(c) (Vernon 1989). Appellant has not established that she would not have entered her plea had she been given the required information or shown that she did not know the information contained in Article 42.12, section 5. *Brown v. State*, 943 S.W.2d 35 (Tex.Cr.App.1997). Moreover, appellant has not shown any harm from the alleged failure to give the admonishments. Former TEX.R.APP.P. 81(b)(2) [2]; *Carranza v. State*, 980 S.W.2d 653 (Tex.Cr. App.1998)(not yet reported); *Cain v. State*, 947 S.W.2d 262 (Tex.Cr.App.1997). We do not reach the issue of the unavailable portion of the reporter's record. Former TEX. R.APP.P. 90(a), now TEX.R.APP.P. 47.1. Appellant's fourteenth through sixteenth points of error are overruled.

The judgment of the trial court is affirmed.

---

**2.** The harmless error rule is now found in TEX.   R.APP.P. 44.2.