Michael Anthony SANKEY, Appellant,

v.

The STATE of Texas.

No. 1421–98.

Court of Criminal Appeals of Texas.

Oct. 6, 1999.

Robert P. Abbott, Coppell, for appellant.

Lorraine A. Raggio, Assist. DA, Dallas, Matthew Paul, State's Atty., Austin, for the State.

## O P I N I O N

KEASLER, J., delivered the unanimous opinion of the Court.

On an appeal from a plea-bargained conviction, certain issues will not be addressed by the courts of appeals unless the notice of appeal complies with particular rules. The question before us is, what happens when the record is lost? If a defendant complains on appeal that his appellate record is lost, must his notice of appeal comply with these particular rules before the court of appeals will address his claim? We hold that the answer is no.

## FACTS

Michael Sankey pleaded guilty in 1989 to aggravated robbery. The trial judge deferred adjudication and placed Sankey on probation. Seven years later, Sankey's guilt was adjudicated and he was sentenced to 50 years in prison. He timely filed a pro se general notice of appeal. He also filed a motion to abate the appeal under former Tex.R.App. P. 50(e), stating that the record from his original plea had been either lost or destroyed. He attached an affidavit from the court reporter to that effect.

The Court of Appeals held that Sankey's general notice of appeal did not comply with former Tex.R.App. P. 40(b)(1). Since Sankey's conviction was pursuant to a plea bargain, the Court concluded that it could only consider jurisdictional defects. Sankey did not raise any jurisdictional defects, so the Court affirmed the conviction.

Sankey argues that the Court of Appeals erred because, without the record, he is unable to raise *any* claims for review, including attacks on the trial court's jurisdiction and the voluntariness of his plea. We granted his petition for discretionary review to consider this claim.

## JURISDICTION

■ The Court of Appeals was partially correct. Rule 40(b)(1) does limit a court of appeals' jurisdiction in plea bargained cases. In such cases, the Court may only consider voluntariness of the plea or jurisdictional issues.[1]

■ But this Rule has nothing to do with a claim that the appellate record has been lost or destroyed. The lack of an appellate record is something which is not even apparent at the time that the notice of appeal is filed. It is an event which occurs during the appellate process rather than before it. The content of the notice of appeal is irrelevant in considering this claim.

This issue was presented in *Smith v. State.*[2] There, the Dallas Court of Appeals concluded that the appellant's Rule 50 claim was not a jurisdictional claim, so his failure to comply with Rule 40(b)(1) left the court without jurisdiction to consider his claim. In dissent, Justice Whittington pointed out that, although the appellant must comply with Rule 40(b)(1), he must first have a record.[3] Justice Whittington looked at the framework of the rules as a whole and described the right to an appellate record as a "condition precedent" to an appeal.[4] We agree. Without the record, it is impossible for an appellant, and particularly the appellant's attorney, to determine whether there are any potential jurisdictional issues or defects in the plea

1. *Flowers v. State,* 935 S.W.2d 131 (Tex.Crim. App.1996).

2. 957 S.W.2d 571 (Tex.App.—Dallas 1997, no pet.), *see also Walker v. State,* 970 S.W.2d 27 (Tex.App.—Dallas 1998, no pet.).

3. *Smith,* 957 S.W.2d at 578 (Whittington, J., dissenting).

4. *Ibid.*

proceeding which would render the plea involuntary.

Nevertheless, we disagree with Justice Whittington's suggestion that the appellant must have a copy of the record before filing his notice of appeal.[5] As a general rule, appellants never have a copy of the record before filing their notices of appeal. What is essential is that the appellant have a copy of the record before filing his brief. At that time, he will be able to review the record to determine if he has any basis for attacking the trial court's jurisdiction or the voluntariness of his plea.

The Court of Appeals erred in concluding that it lacked jurisdiction to consider Sankey's Rule 50 claim. This claim is unrelated to his notice of appeal and must be addressed on its merits.

## RULE 50(e)

Sankey argued below that since the record has been lost or destroyed through no fault of his own, he is entitled to a new trial under Rule 50(e). The Court of Appeals did not address the merits of Sankey's argument because it concluded that it lacked jurisdiction. We therefore must remand this case to the Court of Appeals to consider whether Sankey has satisfied his burden of proof under Rule 50(e).

## MANUEL V. STATE

We note that the Court of Appeals did not have the benefit of our opinion in *Manuel v. State*[6] when it handed down its opinion. In *Manuel,* we held that a defendant placed on deferred adjudication may raise issues pertaining to the original plea proceeding only in an appeal taken when deferred adjudication is first imposed. Since the Court of Appeals could not consider *Manuel*'s impact on this case, we decline to do so at this time.

**5.** *Smith,* 957 S.W.2d at 578 (Whittington, J., dissenting).

## JUDGMENT

The decision of the Court of Appeals is reversed and this case is remanded to that court for proceedings consistent with this opinion.

**6.** 994 S.W.2d 658 (Tex.Crim.App. delivered June 2, 1999).