**Suzanne Kay DOUBRAVA, Appellant,**

v.

**The STATE of Texas.**

**No. 530–99.**

Court of Criminal Appeals of Texas.

Nov. 24, 1999.

**288**

Judith Martin Prince, Houston, for appellant.

Alan Curry, Asst. Dist. Atty., Houston, Matthew Paul, State's Atty., Austin, for the State.

## *O P I N I O N*

The opinion of the Court was delivered PER CURIAM.

Appellant entered a plea of guilty to allegations that she unlawfully appropriated more than $20,000. The trial judge deferred adjudication of guilt and placed Appellant on community supervision. Two years later, Appellant's guilt was adjudicated and she was sentenced to five years incarceration. *Doubrava v. State,* 983 S.W.2d 328 (Tex.App.—Eastland 1998). Appellant filed a general notice of appeal. The Court of Appeals held that it could consider only jurisdictional complaints or challenges to the voluntariness of Appellant's plea. *Id.,* citing former Tex.R.App. P. 40(b)(1), and *Flowers v. State,* 935 S.W.2d 131 (Tex.Crim.App.1996). The Court of Appeals determined that it lacked jurisdiction to consider Appellant's complaints that the record from her original plea had been lost or destroyed and she was therefore unable to raise claims for review, including attacks on the trial court's jurisdiction. The Court of Appeals affirmed. Appellant filed a petition for discretionary review.

This Court has recently held that a claim of a lost record is unrelated to a notice of appeal and must be addressed on its merits. *Sankey v. State,* 3 S.W.3d 43 (Tex.Crim.App.1999). The Court of Appeals did not have the benefit of this Court's decision in *Sankey* when it issued its opinion. Appellant's petition for discre-

tionary review is therefore granted.[1] We vacate the Court of Appeals' judgment and remand for reconsideration in light of *Sankey.*

---

1. We observe that like in *Sankey,* the Court of Appeals did not have the benefit of this Court's decision in *Manuel v. State,* 994 S.W.2d 658 (Tex.Crim.App.1999), when it handed down its opinion. *Sankey,* at 45. As in *Sankey,* we do not now consider the impact the *Manuel* decision has on this case.