**Frederick DANIELS, Appellant,**

v.

**The STATE of Texas.**

**No. 1612–99.**

Court of Criminal Appeals of Texas, En Banc.

Oct. 11, 2000.

Robert P. Abbott, Coppell, for appellant.

John R. Rolater, Jr., Asst. Dist. Atty., Dallas, Matthew Paul, State's Atty., Austin, for State.

## OPINION

McCORMICK, P.J., delivered the opinion of the Court in which MANSFIELD, KELLER, WOMACK and KEASLER, JJ., joined.

When a defendant's deferred adjudication "probation" for a felony offense is revoked and he is adjudicated guilty of that offense and he wants to raise appellate issues relating to the original deferred adjudication proceeding, can that defendant obtain an appellate reversal of his conviction and a new trial because the reporter's record from the original deferred adjudication proceeding has been lost?

The trial court adjudicated appellant guilty of an aggravated robbery felony offense four years after appellant had been placed on deferred adjudication "probation" for that offense. On direct appeal, appellant claimed that he was entitled to a reversal of his aggravated robbery conviction and a new trial solely because the reporter's record from the original deferred adjudication proceeding was lost. Appellant claimed that the lost reporter's record from the original deferred adjudication proceeding prevented him from "examining or challenging the voluntariness of his original plea or any rulings on pretrial motions."

The Court of Appeals decided it had no jurisdiction over appellant's lost reporter's record claim because appellant had to appeal any issues relating to the original deferred adjudication proceeding at the time he was placed on deferred adjudication. We exercised our discretionary authority to review this decision.

Our appellate rules provide that a defendant is entitled to a reversal of his conviction and a new trial if, among other things, a lost or destroyed reporter's record is "necessary to the appeal's resolution." See Tex.R.App.Proc. 34.6(f)(3). In *Manuel v. State*, we decided that a defendant placed on deferred adjudication has to appeal issues relating to the original deferred adjudication proceeding when deferred adjudication is first imposed. *Manuel v. State*, 994 S.W.2d 658, 661–62 (Tex.Cr.App. 1999); see also *Sankey v. State*, 3 S.W.3d 43, 45 (Tex.Cr.App.1999).

Pursuant to *Manuel*, the reporter's record from the original deferred adjudication proceeding is not necessary to this appeal's resolution since appellant cannot now appeal any issues relating to the original deferred adjudication proceeding. The Court of Appeals, therefore, correctly decided that it had no jurisdiction over appellant's lost reporter's record claim.

The judgment of the Court of Appeals is affirmed.

JOHNSON, J., filed a dissenting opinion in which MEYERS, PRICE and HOLLAND, JJ., joined.

JOHNSON, J., dissenting in which MEYERS, PRICE and HOLLAND, JJ., joined.

I respectfully dissent. This court held in *Manuel v. State,* 994 S.W.2d 658, 661–62 (Tex.Crim.App.1999), that a defendant must raise issues "relating to the original plea proceeding, including evidentiary sufficiency," in an appeal taken when deferred-adjudication community supervision is first imposed. The appellant in *Manuel* raised a claim of insufficiency, a non-jurisdictional issue. Here, appellant raises the voluntariness of his plea, a jurisdictional issue.

We have consistently treated jurisdictional and non-jurisdictional issues differently. In *Sankey v. State,* 3 S.W.3d 43, 44 (Tex.Crim.App.1999), the appellant attempted to complain on appeal that the record from his original plea had been either lost or destroyed. The court of appeals held that because the defendant's notice of appeal did not comply with the applicable rule, it could consider only jurisdictional defects, and since the appellant had not raised any jurisdictional defects, the Court affirmed the conviction. *Id.* This Court reversed the court of appeals and held that "without the record, it is impossible for an appellant, and particularly the appellant's attorney, to determine whether there are any potential jurisdictional issues or defects in the plea proceeding which would render the plea involuntary." *Id.* at 44–45. *Sankey* was decided after *Manuel,* and we left open the effect of *Manuel* upon a "lost record" case in which the issue of voluntariness of a plea was raised. *Id.* at 45; *see also Doubrava v. State,* 6 S.W.3d 287, 288 n. 1 (Tex.Crim. App.1999).

The instant case raises that very issue of a lost record on a claim of involuntary plea. Yet, the majority holds, without discussion, that *Manuel* applies not only to the non-jurisdictional issue raised there, but to the jurisdictional issue raised in this case. That is, "appellant cannot now appeal *any issues* relating to the original deferred adjudication proceeding." *Ante,* at 408 (emphasis added). Such an extension of the holding in *Manuel* without discussion or explanation does not serve well the jurisprudence of this state.

I dissent.