NO. 07-00-0575-CR


NO. 07-00-0576-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL A



FEBRUARY 20, 2001



______________________________




OLLIE GRAY CHAMPION, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE




_________________________________



FROM THE 179TH DISTRICT COURT OF HARRIS COUNTY;



NOS. 841383 AND 841382; HONORABLE MICHAEL WILKINSON, JUDGE



_______________________________



Before BOYD, C.J., and REAVIS and JOHNSON, JJ.

 Appellant Ollie Gray Champion was convicted, after a plea of guilty, of two separate
counts of aggravated sexual assault on a child under the age of 14 and received two
sentences of 35 years confinement in the Institutional Division of the Department of
Criminal Justice and fines of $10,000. Appellant filed timely notices of appeal. 

 Although appellant was apparently represented by retained counsel at the trial court
level, his notices of appeal were given pro se, along with affidavits of indigency and
requests for the court to provide him with appointed counsel. Although the clerk's and
reporter's records have been received, we find nothing in the clerk's record to indicate that
appellate counsel has ever been appointed for appellant. Parenthetically, we also note
that appellant has indicated that he wishes to raise on appeal the ineffective assistance
of his trial counsel. 

 Whenever the court determines that a defendant charged with a felony or
misdemeanor punishable by imprisonment is indigent or that the interests of justice require
representation of a defendant in a criminal proceeding, the court shall appoint one or more
attorneys to defend him. Tex. Code Crim. Proc. Ann. § 26.04(a) (Vernon 1989). A
defendant who requests a determination of indigency and appointment of counsel is
required to complete a questionnaire concerning his financial resources and respond on
examination regarding his financial resources. Id. § 26.04(c). Because appellant has
requested a determination of indigency and appointment of counsel, we believe that these
appeals should be abated to the trial court for a hearing to determine whether appellant
needs to have counsel appointed for him.

 Accordingly, these appeals are abated and the causes remanded to the 179th
District Court of Harris County. Upon remand, the judge of the trial court shall cause
notice to be given and conduct a hearing to determine:

 1. Whether appellant desires to pursue his appeals.

 2. Whether appellant is presently indigent, and, if so, whether counsel
should be appointed to represent him. 


 3. If it be determined that an attorney should be appointed, the name,
address, and State Bar identification number of the attorney appointed.


 4. If appellant is not indigent, what steps need to be taken to ensure that
appellant will obtain the services of an attorney to pursue the appeals.


 5. If any other orders are necessary to ensure the proper and timely pursuit
of appellant's appeals.


In support of its determination, the trial court will prepare and file written findings of fact
and conclusions of law and cause them to be included in a supplemental clerk's record. 
The hearing proceedings shall be transcribed and included in a supplemental reporter's
record. The supplemental clerk's and reporter's records shall be submitted to the clerk of
this court no later than March 20, 2001.

 It is so ordered. 

 Per Curiam

Do not publish.



opy of the Anders brief and Motions to Withdraw as
Counsel have been served on appellant, and that counsel has appropriately advised
appellant of his right to review the record and file pro se responses. Appellant did not file
a pro se response. 

 In deferred adjudication proceedings, issues relating to the original deferred
adjudication proceeding must be appealed when the deferred adjudication is first imposed. 
See Vidaurri v. State, 49 S.W.3d 880, 884-86 (Tex.Crim.App. 2001); Daniels v. State, 30
S.W.3d 407, 408 (Tex.Crim.App. 2000). Appellant did not do so. Thus, his notice of appeal
was not timely to invoke appellate jurisdiction to review the original proceedings. Id. An
untimely notice of appeal will not invoke the jurisdiction of the court of appeals. See White
v. State, 61 S.W.3d 424, 428 (Tex.Crim.App. 2001). If an appeal is not timely perfected,
a court of appeals does not have jurisdiction to address the merits of the appeal, and can
take no action other than to dismiss the appeal. See id.; Slaton v. State, 981 S.W.2d 208,
210 (Tex.Crim.App. 1998). Because appellant did not invoke our jurisdiction to consider
matters relating to his original deferred adjudication proceeding, we must dismiss the
appeal as to any such possible issues. See White, 61 S.W.3d at 428; Vidaurri, 49 S.W.3d
at 884-85.

 As to those matters unrelated to his original deferred adjudication proceeding, the
record does not support any arguably meritorious error which was harmful to appellant. 

 The appeals are dismissed for lack of jurisdiction as to any issues relating to
appellant's original deferred adjudication proceedings. The judgments of the trial court are
affirmed as to any issues unrelated to the original deferred adjudication proceedings. 
Appellate counsel's motions to withdraw are granted. 

 Phil Johnson

 Chief Justice


Do not publish.