Duane Lynn **WATSON**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 09–00–030 CR.

Court of Appeals of Texas, Beaumont.

Submitted Feb. 1, 2001.

Decided Feb. 28, 2001.

**560**

Hal Laine, Beaumont, for appellant.

Tom Maness, Criminal District Attorney, Wayln G. Thompson, Assistant Criminal District Attorney, Beaumont, for State.

Before WALKER, C.J., BURGESS and GAULTNEY, JJ.

## OPINION

WALKER, Chief Justice.

Duane Lynn Watson pleaded guilty to having committed the offense of burglary of a habitation as a repeat offender. A plea bargain agreement with the State of Texas limited the upper range of punishment to thirty years of penitentiary confinement. The trial court convicted Watson and imposed a sentence of twenty years of confinement in the Texas Department of Criminal Justice, Institutional Division. The sole point of error contends the trial court abused its discretion in failing to hold a hearing on Watson's motion for new trial.

The State argues we lack jurisdiction to address the point of error because Watson's notice of appeal does not comply with the rules of appellate procedure. We have consistently held that a general notice of appeal confers appellate jurisdiction to .consider a challenge to the voluntariness of plea entered as a part of the plea bargain agreement. *See Akridge v. State,* 13 S.W.3d 808, 809 (Tex.App.—Beaumont 2000, no pet.), and *Minix v. State,* 990 S.W.2d 922, 923 (Tex.App.—Beaumont 1999, pet. ref'd) (citing *Flowers v. State,* 935 S.W.2d 131, ·132–34 (Tex.Crim.App. 1996)). Watson's point of error concerns an appellate prerequisite to challenging the voluntariness of his plea. As such, it is analogous to *Sankey v. State,* 3 S.W.3d 43 (Tex.Crim.App.1999), and *Doubrava v. State,* 6 S.W.3d 287 (Tex.Crim.App.1999), in which the appellate courts obtained jurisdiction to consider claims that the appellate record had been lost, even though ultimately the claims were meritless. *See Doubrava v. State,* 28 S.W.3d 148 (Tex. App.—Eastland 2000, no pet.).[1] We con-

---

1. We recognize that these precedents are of questionable authority after *Daniels v. State,* 30 S.W.3d 407 (Tex.Crim.App.2000), a 5–4 decision that cited *Sankey* as supporting authority for affirming the intermediate appellate court's dismissal of an appeal for want of jurisdiction. As a conviction following a de-ferred adjudication of guilt, controlled by *Manuel v. State,* 994 S.W.2d 658 (Tex.Crim. App.1999), *Daniels* is distinguishable from the instant appeal. *Sankey* and *Doubrava* were also appeals of convictions following deferred adjudication, but those opinions did not consider the effect of *Manuel.* Therefore, we

clude the appellant's failure to comply with the rules regarding notice of appeal did not preclude the exercise of our jurisdiction over the appeal. *See* Tex.R.App. P. 25.2(b)(3).

■ The motion for new trial alleges Watson did not intelligently and knowingly enter into the plea bargain. The substantive text of Watson's affidavit states only, "I wish to state that I did not intelligently, knowingly or voluntarily enter my plea. I did not understand the plea agreement fully, and I did not understand the consequences of my plea." Counsel attached a rambling letter to the motion for new trial, but did not attach his own affidavit assessing his client's current or previous mental health. At trial, counsel represented that there was no evidence that Watson was incompetent to stand trial.

■ A defendant does not have an absolute right to a hearing on a motion for new trial because a mandatory hearing requirement could lead to "fishing expeditions." *Reyes v. State,* 849 S.W.2d 812, 815–16 (Tex.Crim.App.1993). As a prerequisite to a hearing, the motion for new trial must be supported by affidavit specifically showing the truth of the grounds alleged as a basis for a new trial. *Id.* at 816. Affidavits that are conclusory in nature and unsupported by facts are not sufficient to put the trial court on notice that reasonable grounds for relief exist. *Jordan v. State,* 883 S.W.2d 664, 665 (Tex.Crim.App. 1994). In *Jordan,* a defendant's affidavit, which alleged counsel failed to properly investigate the facts, was held to be deficient because it failed to say why counsel's investigation was deficient or what further investigation would have revealed. *Id.* Likewise, bare assertions that the State threatened a prospective witness who had promised to provide testimony favorable to the defendant, and that counsel failed to investigate alibi witnesses, have been held to be insufficient to demonstrate error by

assume that an appeal from a conviction not involving a deferred adjudication is controlled

the trial court in failing to conduct a hearing. *King v. State,* 29 S.W.3d 556, 568–69 (Tex.Crim.App.2000).

The motion for new trial alleged matters not determinable from the record, namely that Watson did not fully understand the plea agreement or the consequence of his plea. The supporting affidavit is conclusory in nature, however, omitting any specific detail regarding what aspect of the agreement Watson failed to understand, or what consequence of his plea he failed to appreciate in spite of having been admonished at length by the trial court. The trial court's failure to conduct an evidentiary hearing on the motion for new trial was not an abuse of its discretion. We overrule the point of error and affirm the judgment.

AFFIRMED.

BURGESS, Justice, dissenting.

I respectfully dissent. The majority refuses to order a hearing on Mr. Watson's motion for new trial because "the supporting affidavit is conclusory in nature." The affidavit, in pertinent part, states:

"... I did not intelligently, knowingly or voluntarily enter my plea. I did not understand the plea agreement fully, and I did not understand the consequences of my plea."

Interestingly, the written plea admonishments, signed by Watson, state:

"... I am aware of the consequences of my plea ... my plea is freely and voluntarily made."

The oral admonitions inquire:

The Court: Mr. Watson, are you pleading guilty freely?

Watson: Yes, sir.

The Court: Are you pleading guilty voluntarily?

Watson: Yes, sir.

by *Sankey* and not by *Daniels.*

Mr. Watson's affidavit is no more conclusory than his admonitions, yet we routinely accept his statements to the court without question. Clearly the statements in the affidavit contradict his oral and written ones at the plea. This should be enough to warrant a hearing. I would abate the appeal for a hearing on the motion for new trial.