NO. 07-00-0435-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

JUNE 18, 2001

______________________________

JOSE G. RODRIGUEZ, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_________________________________

FROM THE 248
TH
 DISTRICT COURT OF HARRIS COUNTY;

NO. 849117; HONORABLE JOAN CAMPBELL, JUDGE

_______________________________

Before BOYD, C.J., and QUINN and REAVIS, JJ.

Upon his nolo contendere plea, appellant Jose G. Rodriguez was found guilty of unlawful restraint enhanced by a prior felony conviction.  His punishment, pursuant to a plea bargain, was assessed at two years confinement in the Institutional Division of the Department of Criminal Justice.  From this conviction, appellant gave notice of appeal.   

Appellant’s counsel has now filed a motion to withdraw and a brief in which he certifies that after diligently reviewing the record, he is convinced there is no reversible error and the appeal is without merit.  
See Anders v. California,
 386 U.S. 738, 744-45, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1987).  Counsel also certifies he has served a copy of the brief on appellant and informed him of his right to review the record and file a brief if he so desires.  Appellant was informed by this court that he had until May 2, 2001, to file his brief.  To date, we have received neither a brief nor a motion for extension of time to file one. 

In considering requests to withdraw, we face two interrelated tasks.  We must first satisfy ourselves that the attorney has provided the client with a diligent and thorough search of the record for any arguable claim that might support the client’s appeal.  We must then determine if counsel has correctly concluded the appeal is frivolous.  
See McCoy v. Court of Appeals of Wisconsin,
 486 U.S. 429, 442, 108 S.Ct. 1895, 100 L.Ed.2d 440 (1988); 
High v. State,
 573 S.W.2d 807, 813 (Tex.Crim.App. 1978).  

In his 
Anders
 brief, counsel has reviewed the indictment, the court’s admonishments, the sentencing, and the performance of counsel and concludes there is no reversible error.  The record shows appellant accepted a plea bargain and, because the punishment assessed did not exceed that recommended by the prosecutor, appellant waived his right to appeal without permission of the court, except for matters raised by written motion prior to trial.  The trial court refused to grant permission to appeal.  

Because the record does not reveal any motions filed by appellant, except for appointment of counsel upon which the trial court made a ruling, we may only consider the voluntariness of the plea or jurisdictional issues.  
Sankey v. State
, 3 S.W.3d 43, 44 (Tex.Crim.App. 1999).  Appellant waived in writing his right to have the court reporter record his plea, so the only record before us in determining any challenge on jurisdictional grounds or the voluntariness of the plea is the clerk’s record, which contains the written admonishments signed by appellant.  We find no basis in that record to support an appeal.

Having made an independent examination of the record to determine whether there are any arguable grounds which might support an appeal and finding none, we agree with counsel that the appeal is without merit, and is therefore frivolous.  
Currie v. State
, 516 S.W.2d 684 (Tex.Crim.App. 1974).  

Accordingly, the motion to withdraw is granted, and the judgment is affirmed. 

John T. Boyd

 Chief Justice

Do not publish.