NO. 12-01-00110-CR



IN THE COURT OF APPEALS



TWELFTH COURT OF APPEALS DISTRICT



TYLER, TEXAS




NICHOLAS EUGENE DAVIS,
§
 APPEAL FROM THE 123RD

APPELLANT


V.
§
 JUDICIAL DISTRICT COURT OF


THE STATE OF TEXAS,

APPELLEE
§
 SHELBY COUNTY, TEXAS







PER CURIAM


 On August 17, 2000, Nicholas Eugene Davis ("Appellant") entered a plea of guilty to a
charge of aggravated sexual assault of a child. On that same day, the trial court deferred a finding
a guilt and placed Appellant on community supervision for a period of ten years. On February 9,
2001, the State filed a Motion to Proceed with an Adjudication of Guilt. After a hearing on the
State's motion on March 15, 2001, the trial court entered a finding of guilt. On March 27, 2001, the
trial court sentenced Appellant to 15 years of confinement. On April 16, 2001, Appellant filed a
general notice of appeal.

 Appellant filed a brief on September 5, 2001 arguing that (1) the attorneys (1) who represented
him from his arraignment to his guilty plea on August 17, 2000 were ineffective under the United
States Constitution and the Texas Constitution, and (2) his plea was involuntary. The State has filed
a motion to dismiss this appeal. Appellant has not responded to the State's motion.

 In its motion, the State contends that this court does not have jurisdiction over this appeal
because Appellant was required to bring the issues he asserts on appeal at the time community
supervision was first imposed. We agree. Both of Appellant's issues relate to the original plea of
guilty on August 17, 2000 or to events leading up to the plea. Thus, Appellant was required to assert
these issues on appeal within thirty days after he was placed on community supervision in August
of 2000. Tex. R. App. P. 26.2(a)(1) (where no motion for new trial is filed, defendant must appeal
within thirty days after sentence is imposed or suspended); Daniels v. State, 30 S.W.3d 407, 408
(Tex. Crim. App. 2000) ("...a defendant placed on deferred adjudication has to appeal issues relating
to the original deferred adjudication proceeding when deferred adjudication is first imposed"); see 
Manuel v. State, 994 S.W.2d 658, 661-62 (Tex. Crim. App. 1999). Accordingly, the State's motion
is granted and we dismiss this appeal for want of jurisdiction. (2) 


Opinion delivered January 11, 2002.

Panel consisted of Davis, C.J., Worthen, J., and Griffith, J.
















DO NOT PUBLISH








 











COURT OF APPEALS


TWELFTH COURT OF APPEALS DISTRICT OF TEXAS


JUDGMENT



JANUARY 11, 2002



NO. 12-01-00110-CR



NICHOLAS EUGENE DAVIS,


Appellant


V.


THE STATE OF TEXAS,


Appellee







 Appeal from the 123rd Judicial District Court


 of Shelby County, Texas. (Tr.Ct.No. 98-CR-14,867)








 THIS CAUSE came to be heard on the appellate record; and the same being
inspected, it is the opinion of the Court that this Court is without jurisdiction of the appeal, and that
the appeal should be dismissed.

 It is therefore ORDERED, ADJUDGED and DECREED by the Court that
this appeal be, and the same is, hereby Dismissed For Want Of Jurisdiction; and that this
decision be certified to the court below for observance.

 By per curiam opinion.

 Panel consisted of Davis, C.J., Worthen, J., and Worthen, J.









THE STATE OF TEXAS


M A N D A T E


TO THE 123RD JUDICIAL DISTRICT COURT OF SHELBY COUNTY, GREETINGS:


 Before our Court of Appeals for the 12th Court of Appeals District of Texas, on the 11th
day of January, 2002, the cause upon appeal to revise or reverse your judgment between


NICHOLAS EUGENE DAVIS, Appellant



NO. 12-01-00110-CR and Tr. Ct. Case Number 98-CR-14,867



Opinion by Per Curiam.



THE STATE OF TEXAS, Appellee



was determined; and therein our said Court made its order in these words:

 THIS CAUSE came to be heard on the appellate record; and the same being inspected, it
is the opinion of the Court that this Court is without jurisdiction of the appeal, and that the appeal
should be dismissed.


 It is therefore ORDERED, ADJUDGED and DECREED by the Court that this appeal be,
and the same is, hereby Dismissed For Want Of Jurisdiction; and that this decision be
certified to the court below for observance.


 WHEREAS, YOU ARE HEREBY COMMANDED to observe the foregoing order of said
Court of Appeals for the Twelfth Court of Appeals District of Texas in this behalf, and in all things
have it duly recognized, obeyed, and executed.


 WITNESS, THE HONORABLE LEONARD DAVIS, Chief Justice of said Court of
Appeals for the Twelfth Court of Appeals District, with the Seal thereof affixed, at the City of Tyler,
this the ______ day of __________________, 200_.


 CATHY S. LUSK, CLERK



 By:_______________________________

 Deputy Clerk 

1. Appellant was represented by three attorneys from arraignment to his plea of guilty.
2. We note that even if Appellant's appeal was timely, his notice of appeal does not comply with Texas Rule
of Appellate Procedure 25.2(b)(3) and he may not challenge the voluntariness of his plea on appeal. Cooper v.
State, 47 S.W.3d 77, 82 (Tex. Crim. App. 2001).