JIMMY CRATEN DEAN , JR. V. STATE

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NOS.  2-02-087-CR

        2-02-089-CR

JIMMY CRATEN DEAN, JR. APPELLANT

A/K/A JIMMY CRATEN DEAN

V.

THE STATE OF TEXAS STATE

------------

FROM THE 371ST DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

I.  Introduction

Appellant, Jimmy Craten Dean, Jr., appeals his convictions for the offenses of burglary of a habitation and bodily injury to a child.  Appellant waived his right to trial by a jury in both cases, and pleaded guilty and true to enhancement and habitual offender allegations without an agreed punishment recommendation.  The court accepted Appellant’s pleas and ordered a PSI to be prepared.  At the later sentencing hearing, the court assessed punishment at forty-five years’ confinement in each cause, to be served concurrently. Appellant raises four points on appeal.  We affirm.

II.  Motions to Withdraw Guilty Pleas

In his first point, Appellant argues that the trial court abused its discretion in denying his motions to withdraw his guilty pleas.  A liberal practice prevails in this state concerning the withdrawal of a guilty plea.  
McWherter v. State
, 571 S.W.2d 312, 313 (Tex. Crim. App. 1978).  A defendant may withdraw his or her guilty plea as a matter of right without assigning reason at any time before judgment has been pronounced or the case has been taken under advisement.  
Jackson v. State
, 590 S.W.2d 514, 515 (Tex. Crim. App. [Panel Op.] 1979).  If a defendant decides to withdraw his or her guilty plea after the trial court takes the case under advisement or pronounces judgment, however, the withdrawal of the plea is within the sound discretion of the trial court.  
Id
.  Once the judge has admonished the accused and accepted his or her plea, passing the case for a PSI constitutes “taking the case under advisement.”  
Watson v. State
, 974 S.W.2d 763, 765 (Tex. App.—San Antonio 1998, pet. ref’d);
 see DeVary v. State
, 615 S.W.2d 739, 740 (Tex. Crim. App. 1981).

Here, Appellant entered his pleas of guilty at a hearing on November 27, 2001.  The trial court accepted his pleas and ordered the preparation of a PSI, and on December 17—roughly three weeks later—Appellant filed motions to withdraw his guilty pleas.
(footnote: 2)  Because the trial court had taken the case under advisement, we review its denial of Appellant’s motions to withdraw his guilty pleas under an abuse of discretion standard.  
Jackson
, 590 S.W.2d at 515; 
Coronado v. State
, 996 S.W.2d 283, 286 (Tex. App.—Waco 1999, no pet.).  We will not reverse the trial court as long as its ruling was within the “zone of reasonable disagreement.”  
Montgomery v. State
, 810 S.W.2d 372, 391 (Tex. Crim. App. 1991) (op. on reh’g); 
Rivera v. State
, 952 S.W.2d 34, 36 (Tex. App.—San Antonio 1997, no pet.).

In Appellant’s motions to withdraw, he claimed that his guilty pleas were not freely, knowingly, or voluntarily entered because he had not taken his medication for his alleged mental health problems for more than a week preceding his guilty pleas.  He also claimed that he was denied effective assistance of counsel and due process of law because of alleged deficiencies of the attorney who represented him before and during the plea hearing. Additionally, Appellant claimed that he “did not want to enter a guilty plea but was coerced to do so by counsel, even though incompetent to make such a plea.”  

The reporter’s record from the November 27 proceeding contradicts these assertions.  After the State read the indictment during the plea hearing, Appellant told the court that he understood the nature of the charges pending against him.  Appellant then pleaded guilty and agreed with the court that he was pleading guilty because he was in fact guilty and for no other reason.  The trial court then began to explain to Appellant the consequences of pleading guilty, and Appellant acknowledged that he understood that he had a right to a jury trial on the issue of guilt—innocence as well as on the issue of punishment.  After consultation with his attorney, Appellant agreed with the court that he wanted to waive his right to a jury trial on both issues. 

The court further explained to Appellant that he would have a limited right to appeal, and Appellant affirmatively replied that he had gone over this with his attorney and that he understood his rights.  Appellant’s counsel stated that he was satisfied that his client was competent to stand trial, and he agreed that he had spoken with Appellant and that he was confident Appellant understood the ramifications of his decision to plead guilty. 

Appellant’s attorney then asked Appellant several questions concerning his representation and Appellant’s decision.  Appellant agreed that his attorney had spoken with him at least three times in the week leading up to the plea proceeding.  Appellant acknowledged that he and his attorney had spoken that morning for over an hour about Appellant’s right to a jury trial and his right to plead guilty or not guilty.  Appellant’s counsel had explained to Appellant that the decision to plead guilty or not guilty was Appellant’s decision alone to make, and Appellant agreed on the record that he understood this.  Appellant further stated that he understood that a jury was waiting in the hall, and if he so desired, he could go to trial.  His attorney then asked:

And my understanding is, after deliberation, after talking with me, you are knowingly and willingly giving up that right, entering your plea of guilty, and going to the Judge for punishment.  And you understand you can put on any testimony or evidence you want in the punishment phase of the trial?

Appellant responded, “Yes.” 

Appellant’s counsel then explained the range of punishment and the types of evidence Appellant could present at the punishment phase, including the fact  that Appellant had the right to testify on his own behalf or to remain silent. Appellant stated that he understood these rights.  Appellant agreed that it was his free and voluntary decision to plead guilty and to go to the court for punishment.  

The trial court recessed the proceedings, and Appellant signed written plea admonishments for both offenses.  Appellant stated that he was satisfied with his attorney’s representation, and his attorney again stated that, in his opinion, Appellant was competent.  Appellant again stated that he was satisfied with counsel and that he was not pleading guilty or true through any force or persuasion.  Appellant then stated that he understood everything he had signed. Appellant told the court that no one had offered him any hope or promise of reward or pardon in order to get him to plead guilty and true.  Appellant acknowledged that there was no agreement between himself and the State concerning the range of sentencing and that the court could sentence him between twenty-five and ninety-nine years’ confinement or life and up to a $10,000 fine.  Appellant agreed with the court that he wanted to plead guilty to both offenses, even after knowing all of the consequences of such a decision.  The court then accepted his pleas of guilty and true in both cases and ordered the preparation of a PSI. 

Based on this record, we conclude that the trial court did not abuse its discretion by refusing Appellant’s request to withdraw his guilty pleas.  
See, e.g., Taplin v. State
, 78 S.W.3d 459, 461 (Tex. App.—Austin 2001, no pet.) (holding trial court did not abuse its discretion by refusing to withdraw appellant’s guilty plea where the reporter’s record contradicted his claim that he misunderstood the offense to which he pleaded guilty).  Accordingly, we overrule Appellant’s first point.

III.  Motion for New Trial

In his second and third points, Appellant complains that the trial court abused its discretion in refusing to hear and grant his motion for a new trial.  Specifically, Appellant argues that his motion should have been heard and granted because his pleas of guilty and true were not free, knowing, and voluntary; he was denied the effective assistance of counsel; and his motion to withdraw his guilty plea was erroneously denied.
(footnote: 3) 

A.  Denial of Hearing

We first address “whether, on this record, the trial court could have reasonably denied [A]ppellant a hearing on his motion for new trial.”  
Wallace v. State
, 106 S.W.3d 103, 108 (Tex. Crim. App. 2003).  The purpose of the hearing is to allow a defendant an opportunity to develop the matters raised in his or her motion.  
Id
.; 
Martinez v. State
, 74 S.W.3d 19, 21 (Tex. Crim. App. 2002).  We review the trial court’s denial of Appellant’s request for a hearing on his motion for new trial under an abuse of discretion standard.  
Wallace
, 106 S.W.3d at 108; 
Martinez
, 74 S.W.3d at 22.

An evidentiary hearing on a defendant’s motion for a new trial is necessary only if the motion and accompanying affidavit(s) “rais[e] matters not determinable from the record, upon which the accused could be entitled to relief.”  
Wallace
, 106 S.W.3d at 108 (citing 
Reyes
, 849 S.W.2d at 816); 
see Mallet v. State
, 9 S.W.3d 856, 868 (Tex. App.—Fort Worth 2000, no pet.).  However, “[t]o be sufficient to entitle the defendant to a hearing, the motion for new trial and accompanying affidavit(s) ‘need not establish a prima facie case’ for a new trial.”  
Wallace
, 106 S.W.3d at 108 (citing 
Jordan v. State
, 883 S.W.2d 664, 665 (Tex. Crim. App. 1994)).  Instead, they “must merely reflect that reasonable grounds exist for holding that such relief could be granted.”  
Id
. (citing 
Martinez
, 74 S.W.3d at 22).  “Affidavits which are conclusory in nature and unsupported by facts are not sufficient to put the trial court on notice that reasonable grounds for relief exist.”  
Daniels v. State
, 63 S.W.3d 67, 70 (Tex. App.—Houston [14
th
 Dist.] 2001, pet. ref’d) (citing 
Jordan
, 883 S.W.2d at 665).

In his motion, Appellant again asked the court to allow him to withdraw his guilty pleas and to order a new trial on the bases that (1) his pleas were not made freely, voluntarily, and knowingly and (2) he was denied effective assistance of counsel before and during the plea hearing.  Neither of these issues is determinable from the record, especially in light of Appellant’s statements during the plea hearing that indicate that his pleas were voluntary and that his counsel was effective.  
See
 
Wallace
, 106 S.W.3d at 108; 
Mallet
, 9 S.W.3d at 868. 

The State points out that Appellant did not attach any affidavits to his motion for new trial and argues that the affidavits attached to his motions to withdraw his guilty pleas were not properly made a part of the record.  We need not address this contention because, even if we consider the affidavits attached to Appellant’s motions to withdraw his guilty pleas, the affidavits are too conclusory to require a hearing.
(footnote: 4)  
See King v. State
, 29 S.W.3d 556, 568-69 (Tex. Crim. App. 2000) (holding that bare assertions in verified motion for new trial failed to establish facts entitling appellant to a new trial; thus, the trial court did not err in refusing to hold a hearing); 
Buerger v. State
, 60 S.W.3d 358, 362-63 (Tex. App.—Houston [14
th
 Dist.] 2001, pet. ref’d) (holding affidavit was too conclusory, in part, because despite appellant’s incompetence claim, he “did not allege what medication he needed; why it was needed or how its absence affected his competency during the hearing; what aspect of the hearing he failed to appreciate . . .; or what he would have changed if he had been alert and oriented . . .”); 
Watson v. State
, 37 S.W.3d 559, 561 (Tex. App.—Beaumont 2001, no pet.) (holding defendant’s affidavit stating, “I wish to state that I did not intelligently, knowingly or voluntarily enter my plea.  I did not understand the plea agreement fully, and I did not understand the consequences of my plea,” was too conclusory).

Thus, we hold that Appellant did not meet his burden of showing that reasonable grounds existed for holding that relief could be granted on his motion.  
See Wallace
, 106 S.W.3d at 108.  Accordingly, we cannot say that the trial court abused its discretion in refusing to conduct a hearing on Appellant’s motion for new trial, and we therefore overrule his second point.

B.  Denial of Motion

We next review the trial court’s decision to deny Appellant’s motion for new trial.  Such a decision is left to the sound discretion of the trial court, and we will not reverse that decision absent an abuse of discretion.  
Lewis v. State
, 911 S.W.2d 1, 7 (Tex. Crim. App. 1995); 
Thomas v. State
, 31 S.W.3d 422, 428 (Tex. App.—Fort Worth 2000, pet. ref’d).  The trial court’s ruling is presumed to be correct, and the burden rests on Appellant to establish the contrary.  
Lee v. State,
 167 Tex. Crim. 608, 322 S.W.2d 260, 262 (1958); 
Edwards v. State, 
37 S.W.3d 511, 515 (Tex. App.—Texarkana 2001, pet. ref’d).  Having reviewed the record before us, we cannot say that the trial court abused its discretion in denying Appellant’s motion for new trial.  We overrule Appellant’s third point.

IV.  Effective Assistance of Counsel Claim

In his fourth point, Appellant complains that he was denied the effective assistance of counsel at his trial in violation of the 6
th
 and 14
th
 Amendments to the United States Constitution, section 10 of article I of the Texas Constitution, and articles 1.05 and 1.051 of the Texas Code of Criminal Procedure.  
See
 
U.S. Const.
 amends.
 
VI, XIV;
 Tex. Const. 
art. I, § 10;
 Tex. Code Crim. Proc. Ann.
 arts. 1.05, 1.051 (Vernon Supp. 2003).  We apply a 
two-pronged test to ineffective assistance of counsel claims.  
Strickland v. Washington
, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984); 
Thompson v. State
, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999)
.  

First, 
Appellant must show that 
his
 counsel’s performance was deficient. 
Strickland
, 466 U.S. at 687, 104 S. Ct. at 2064.  The record must be sufficiently developed to overcome a strong presumption that counsel provided reasonable assistance.  
Bone v. State
, 77 S.W.3d 828, 833 n.13 (Tex. Crim. App. 2002) (citing 
Thompson
, 9 S.W.3d at 813-14). Second, Appellant must show that the deficient performance prejudiced the defense.  
Strickland
, 466 U.S. at 687, 104 S. Ct. at 2064.  Further, a claim for ineffective assistance of counsel must be firmly grounded and affirmatively supported by the record.  
Jackson v. State
, 973 S.W.2d 954, 955 (Tex. Crim. App. 1998);
 Guzman v. State,
 993 S.W.2d 232, 237 (Tex. App.—San Antonio 1999, pet. ref’d), 
cert. denied
, 528 U.S. 1161 (2000).

Having reviewed the entire record, we hold that Appellant has not met his burden and has not overcome the strong presumption that counsel provided reasonable assistance.  
See
 
Bone
, 77 S.W.3d at 833 n.13.
(footnote: 5)  Accordingly, we overrule his fourth point.

V.  Conclusion

Having overruled all four of Appellant’s points, we affirm the trial court’s judgments.
 

PER CURIAM

PANEL F: GARDNER, J.; CAYCE, C.J.; and WALKER, J.

DO NOT PUBLISH

Tex. R. App. P. 
47.2(b)

DELIVERED:  August 14, 2003

FOOTNOTES
1:
See 
Tex. R. App. P. 
47.4.

2:
Appellant first sent a handwritten letter, file-marked December 14, 2001, to the court advising it of his desire to withdraw his guilty pleas.  On the same date that the letter was filed, Appellant’s counsel filed a motion to withdraw as counsel because of a breakdown in the attorney/client relationship, lack of client cooperation, and a conflict of interest.  The court granted the motion to withdraw, and appointed another lawyer for Appellant, the one bringing this appeal.  Three days later, Appellant’s new counsel filed the motions to withdraw Appellant’s pleas. 

3:
The grounds listed in rule 21.3 of the Texas Rules of Appellate Procedure are illustrative and are not the exclusive grounds for a new trial.  
See State v. Read
, 965 S.W.2d 74, 77 (Tex. App.—Austin 1998, no pet.).  For example, ineffective assistance of counsel may be raised in a motion for new trial.  
See Reyes v. State
, 849 S.W.2d 812, 816 (Tex. Crim. App. 1993).

4:
In pertinent part, Appellant stated in his affidavit,

My plea of guilty was not free, knowing, and voluntarily entered.

Defense counsel . . . although aware of my mental health history and problems as well as the fact that [I] had been off [my] medication for more than a week prior to the plea of guilty, that [my] bipolar condition had reasserted itself and that as a result of such condition I lacked the requisite understanding in order to enter a free, knowing, and voluntary plea of guilty to the charges but still allowed such plea to go forward and be entered.  Counsel made no effort to raise this claim, although it was known to him for some time and thus rendered ineffective assistance of counsel herein. 

5:
The court of criminal appeals has stated that “the record on direct appeal will generally ‘not be sufficient to show that counsel’s representation was so deficient as to meet the first part of the 
Strickland
 standard’ as ‘[t]he reasonableness of counsel’s choices often involves facts that do not appear in the appellate record.’”  
Rylander v. State
, 101 S.W.3d 107, 110 (Tex. Crim. App. 2003) (citing 
Mitchell v. State
, 68 S.W.3d 640, 642 (Tex. Crim. App. 2002)).  Thus, the court has indicated that “an application for a writ of habeas corpus is the more appropriate vehicle to raise ineffective assistance of counsel claims.”  
Id
.