COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH


NOS. 2-04-328-CR
                                                 2-04-329-CR


ALBERT EARL JACKSON                                                        APPELLANT

V.

THE STATE OF TEXAS                                                                  STATE

------------

FROM THE 367TH DISTRICT COURT OF DENTON COUNTY

------------

MEMORANDUM OPINION [1]

------------
        Appellant was charged in two indictments of two separate offenses of
aggravated sexual assault. On November 18, 1993, Appellant pleaded guilty
pursuant to a plea-bargain agreement and was placed on deferred adjudication
community supervision. Appellant did not appeal those orders. On December
10, 1999, the State filed a motion to proceed with an adjudication of guilt;
however, after bonding out of jail in May 2000, Appellant fled the State and
was not apprehended until 2004. 
        A hearing was held on the State’s fourth motion to proceed with an
adjudication of guilt on July 7, 2004. This hearing was conducted before the
same trial judge who had placed Appellant on deferred adjudication community
supervision. Appellant pleaded true to nine of the sixteen allegations set forth
in the motion and the State abandoned the remaining allegations. The trial
court found the allegations true and, following a hearing on punishment,
sentenced Appellant to confinement for life. 
        Appellant’s argument on appeal concerns the loss or destruction of the
reporter’s record from the November 18, 1993 hearing. Appellant argues that
the lost reporter’s record is essential to his current appeals because it is
pertinent to an issue of whether his plea of guilty in 1993 was voluntary and
whether the life sentence was the result of the trial judge’s “bias and
prejudgment.” 
        This issue has squarely been addressed by the Texas Court of Criminal
Appeals in Daniels v. State,
When a defendant's deferred adjudication “probation” for a
felony offense is revoked and he is adjudicated guilty of that
offense and he wants to raise appellate issues relating to the
original deferred adjudication proceeding, can that defendant obtain
an appellate reversal of his conviction and a new trial because the
reporter's record from the original deferred adjudication proceeding
has been lost?
 
The trial court adjudicated appellant guilty of an aggravated
robbery felony offense four years after appellant had been placed
on deferred adjudication “probation” for that offense. On direct
appeal, appellant claimed that he was entitled to a reversal of his
aggravated robbery conviction and a new trial solely because the
reporter's record from the original deferred adjudication proceeding
was lost. Appellant claimed that the lost reporter's record from the
original deferred adjudication proceeding prevented him from
“examining or challenging the voluntariness of his original plea or
any rulings on pretrial motions.”
 
The Court of Appeals decided it had no jurisdiction over
appellant's lost reporter's record claim because appellant had to
appeal any issues relating to the original deferred adjudication
proceeding at the time he was placed on deferred adjudication. We
exercised our discretionary authority to review this decision.
 
Our appellate rules provide that a defendant is entitled to a
reversal of his conviction and a new trial if, among other things, a
lost or destroyed reporter's record is “necessary to the appeal's
resolution.” See Tex. R. App. P. 34.6(f)(3). In Manuel v. State, we
decided that a defendant placed on deferred adjudication has to
appeal issues relating to the original deferred adjudication
proceeding when deferred adjudication is first imposed. Manuel v.
State, 994 S.W.2d 658, 661-62 (Tex. Crim. App. 1999); see also
Sankey v. State, 3 S.W.3d 43, 45 (Tex. Crim. App. 1999).
 
Pursuant to Manuel, the reporter's record from the original
deferred adjudication proceeding is not necessary to this appeal's
resolution since appellant cannot now appeal any issues relating to
the original deferred adjudication proceeding. The Court of
Appeals, therefore, correctly decided that it had no jurisdiction over
appellant's lost reporter's record claim.

                The judgment of the Court of Appeals is affirmed.

Daniels v. State, 30 S.W.3d 407, 408 (Tex. Crim. App. 2000). 
        Therefore, because Appellant failed to appeal from the orders placing him
on deferred adjudication community supervision and his complaints are now
untimely, we are precluded from considering the merits of Appellant’s appeals. 
Accordingly, we dismiss his appeals.
 
                                                          BOB MCCOY
                                                          JUSTICE

 
PANEL A:   CAYCE, C.J.; WALKER and MCCOY, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: August 31, 2005
 
NOTES
1. See Tex. R. App. P. 47.4.