JACKSON V. STATE

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NOS.  2-04-328-CR

        2-04-329-CR

ALBERT EARL JACKSON APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 367TH DISTRICT COURT OF DENTON COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Appellant was charged in two indictments of two separate offenses of aggravated sexual assault.  On November 18, 1993, Appellant pleaded guilty pursuant to a plea-bargain agreement and was placed on deferred adjudication community supervision.  Appellant did not appeal those orders.  On December 10, 1999, the State filed a motion to proceed with an adjudication of guilt; however, after bonding out of jail in May 2000, Appellant fled the State and was not apprehended until 2004.  

A hearing was held on the State’s fourth motion to proceed with an adjudication of guilt on July 7, 2004.  This hearing was conducted before the same trial judge who had placed Appellant on deferred adjudication community supervision.  Appellant pleaded true to nine of the sixteen allegations set forth in the motion and the State abandoned the remaining allegations.  The trial court found the allegations true and, following a hearing on punishment, sentenced Appellant to confinement for life. 

Appellant’s argument on appeal concerns the loss or destruction of the reporter’s record from the November 18, 1993 hearing.  Appellant argues that the lost reporter’s record is essential to his current appeals because it is pertinent to an issue of whether his plea of guilty in 1993 was voluntary and whether the life sentence was the result of the trial judge’s “bias and prejudgment.”  

This issue has squarely been addressed by the Texas Court of Criminal Appeals in 
Daniels v. State
,

When a defendant's deferred adjudication “probation” for a felony offense is revoked and he is adjudicated guilty of that offense and he wants to raise appellate issues relating to the original deferred adjudication proceeding, can that defendant obtain an appellate reversal of his conviction and a new trial because the reporter's record from the original deferred adjudication proceeding has been lost?

The trial court adjudicated appellant guilty of an aggravated robbery felony offense four years after appellant had been placed on deferred adjudication “probation” for that offense.  On direct appeal, appellant claimed that he was entitled to a reversal of his aggravated robbery conviction and a new trial solely because the reporter's record from the original deferred adjudication proceeding was lost.  Appellant claimed that the lost reporter's record from the original deferred adjudication proceeding prevented him from “examining or challenging the voluntariness of his original plea or any rulings on pretrial motions.”

The Court of Appeals decided it had no jurisdiction over appellant's lost reporter's record claim because appellant had to appeal any issues relating to the original deferred adjudication proceeding at the time he was placed on deferred adjudication.  We exercised our discretionary authority to review this decision.

Our appellate rules provide that a defendant is entitled to a reversal of his conviction and a new trial if, among other things, a lost or destroyed reporter's record is “necessary to the appeal's resolution.”  
See
 
Tex. R. App. P.
 34.6(f)(3).  In 
Manuel v. State
, we decided that a defendant placed on deferred adjudication has to appeal issues relating to the original deferred adjudication proceeding when deferred adjudication is first imposed.  
Manuel v. State
, 994 S.W.2d 658, 661-62 (Tex. Crim. App. 1999);  
see also
 
Sankey v. State
, 3 S.W.3d 43, 45 (Tex. Crim. App. 1999).

Pursuant to 
Manuel
, the reporter's record from the original deferred adjudication proceeding is not necessary to this appeal's resolution since appellant cannot now appeal any issues relating to the original deferred adjudication proceeding.  The Court of Appeals, therefore, correctly decided that it had no jurisdiction over appellant's lost reporter's record claim.

The judgment of the Court of Appeals is affirmed.

Daniels v. State
, 30 S.W.3d 407, 408 (Tex. Crim. App. 2000). 

Therefore, because Appellant failed to appeal from the orders placing him on deferred adjudication community supervision and his complaints are now untimely, we are precluded from considering the merits of Appellant’s appeals.  Accordingly, we dismiss his appeals.

BOB MCCOY

JUSTICE

PANEL A: CAYCE, C.J.; WALKER and MCCOY, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED:  August 31, 2005

FOOTNOTES
1:
See 
Tex. R. App. P. 
47.4.