NO.
12-06-00183-CR

 

IN THE COURT OF APPEALS 

 

TWELFTH COURT OF APPEALS DISTRICT

 

TYLER, TEXAS

MICHAEL WAYNE JOHNSON,     §                      APPEAL FROM THE THIRD

APPELLANT

 

V.        §                      JUDICIAL DISTRICT COURT OF

 

THE STATE OF TEXAS,

APPELLEE   §                      ANDERSON
COUNTY, TEXAS

                                                                                                                                                           


MEMORANDUM OPINION

            Michael
Wayne Johnson appeals his conviction for indecency with a child.  Appellant raises one issue on appeal.  We affirm.

 

Background

            Appellant
was indicted for the felony offenses of aggravated sexual assault of a child
and indecency with a child.  Pursuant to
a plea agreement, Appellant pleaded guilty to the second degree felony of
indecency with a child.  The trial court
deferred adjudication and placed Appellant on community supervision for eight
years.  Subsequently, the State filed a
motion to revoke Appellant’s community supervision.  Specifically, the State alleged that
Appellant had used marijuana and cocaine and failed to meet his commitments for
community service and the payment of fees. Following a hearing, the trial court
found the allegations in the State’s motion to be true, revoked Appellant’s
community supervision, found Appellant guilty of indecency with a child, and
assessed punishment at twenty years of imprisonment.  This appeal followed.

 

 








Requisites
of Brief

            In
a single issue, Appellant argues that the trial court should have informed him
of his right to return and request a “determined” sentence and that his plea
was therefore involuntary.  For ease of
reference, the headings and arguments from Appellant’s brief are set forth in
their entirety as follows:

 

Point of Error
Numbered One Restated

 

Defendant was not
fully informed at the time of plea of right to determine [sic] sentencing,
revocation is a violation of Defendant [sic] rights. 

 

Summary of
Argument

 

The trial court
should have informed Defendant of his right to return and request a determined
[sic] sentence of years thereby not leaving him the exposure of 5 to 99 or life
upon revocation.

 

Argument

 

Courts are required
to insure that Defendants understand, and are freely and voluntarily pleaing
[sic] when a plea is taken.  This
includes Defendant’s rights with deferred adjudication.  No evidence is of record that the Court made
defendant aware of his right when accessing [sic] deferred adjudication.  Texas Constitution.  U.S. Constitution.

 

Prayer

 

WHEREFORE, PREMISES
CONSIDERED, Appellant prays this Honorable Court sustain the point of error
raised hereinabove, and vacate the commitment to the Texas Department of
Corrections Institution Division and remand the Motion to Revoke for a hearing
trial [sic].

 

 

            The
rules of appellate procedure require that an appellant’s brief contain a clear
and concise argument for the contentions made, with appropriate citations to
authorities and to the record.  See
Tex. R. App. P. 38.1(h).  Moreover, in order to adequately brief a
constitutional issue, an appellant must proffer specific arguments and
authorities supporting his constitutional arguments.  See Brooks v. State, 990 S.W.2d
278, 288 (Tex. Crim. App. 1999); Narvaiz v. State, 840 S.W.2d
415, 430 (Tex. Crim. App. 1992).  Failure
to adequately brief an issue waives the issue on appeal.  See Swearingen v. State, 101
S.W.3d 89, 100 (Tex. Crim. App. 2003).

            Appellant
failed to proffer any authorities or argument to support his constitutional
contentions.[1]  As such, we
hold that Appellant has waived this issue by failing to adequately brief
it.  Appellant’s sole issue is overruled.

 


Disposition

We affirm the judgment
of the trial court.

 

 

                                                                                                    BRIAN HOYLE   

                                                                                                               Justice

 

 

Opinion
delivered October 25, 2006.

Panel
consisted of Worthen, C.J., Griffith, J., and Hoyle, J.

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

(DO NOT PUBLISH)











[1]
The State has interpreted Appellant’s argument to be that he was not advised at
the original plea hearing that he had the right to return to court within
thirty days of his plea and be finally adjudicated.  See Tex.
Code Crim. Proc. Ann. art. 42.12 § 5(a) (Vernon Supp. 2006).  We cannot determine if Appellant was so
advised because the original plea hearing is not included in the record.  Even if it were part of the record, we lack
jurisdiction to consider such a claim because Appellant did not appeal from the
original plea proceeding.  See Daniels
v. State, 30 S.W.3d 407, 408 (Tex. Crim. App. 2000).