NO. 07-00-0209-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL A



APRIL 26, 2002



______________________________




WILLIE MORRIS, JR., APPELLANT



V.



THE STATE OF TEXAS, APPELLEE




_________________________________



FROM THE 262ND DISTRICT COURT OF HARRIS COUNTY;



NO. 9428208; HONORABLE MIKE ANDERSON, JUDGE



_______________________________



Before BOYD, C.J., and REAVIS and JOHNSON, JJ.

 Appellant Willie Morris, Jr., appeals from a judgment adjudicating his guilt for
forgery. He urges that the trial court erred in failing to grant a hearing on his post-adjudication motion for new trial. We affirm.

 A grand jury of Harris County indicted appellant for forgery. Honoring a plea bargain
between appellant and the State, the trial court deferred adjudication of appellant and
placed him on community supervision for five years. In January, 2000, the State moved
for adjudication. On January 27, 2000, the trial court held a hearing on the State's motion,
adjudicated appellant guilty, and sentenced him to five years incarceration in the Texas
Department of Criminal Justice, Institutional Division. Appellant then filed a motion for new
trial. His motion was comprised of an affidavit verified by his attorney and by appellant. 
The substance of the affidavit consisted of allegations and recitations that before appellant
entered into his plea bargain for deferred adjudication appellant's trial counsel had not (1)
properly investigated the charges in the indictment, (2) interviewed witnesses, or (3) sought
compulsory process for witnesses who would have testified to facts proving appellant's
innocence of the forgery charge. The affidavit also set out an alleged misunderstanding
of the original plea proceedings and consequences of the plea on the part of appellant.

 The trial court denied the motion for new trial without holding a hearing. Appellant's
appeal is from the denying of his motion without an evidentiary hearing having been held. 
He asserts that the trial court was required to hold a hearing because his motion
referenced matters not determinable from the record, and upon which he could be entitled
to relief. He urges that his motion for new trial was sufficient to require the trial court to
hold an evidentiary hearing to determine if his initial deferred adjudication plea was
voluntary and if he received effective assistance of counsel in connection with the plea. 
He seeks abatement of this appeal and remand with directions for the trial court to hold an
evidentiary hearing on his motion for new trial.

 A hearing on a motion for new trial is not required when the matters raised in the
motion are subject to being determined from the record. See Reyes v. State, 849 S.W.2d
812, 816 (Tex.Crim.App. 1993). In certain instances, however, the trial court abuses its
discretion in failing to hold a hearing on a motion for new trial that raises matters which are
not determinable from the record. See Jordan v. State, 883 S.W.2d 664, 665
(Tex.Crim.App. 1994); Reyes, 849 S.W.2d 816. The purpose of such a hearing is for a
defendant to fully develop the issues raised in his motion for new trial. See Jordan, 883
S.W.2d at 665. When an accused presents a motion for new trial raising matters not
determinable from the record, upon which the accused could be entitled to relief, the trial
court abuses its discretion in failing to hold a hearing. See Reyes, 849 S.W.2d at 816. 

 A defendant placed on deferred adjudication must appeal issues relating to the
original deferred adjudication proceeding when deferred adjudication is first imposed, and
cannot appeal such matters after revocation of probation and adjudication. See Daniels v.
State, 30 S.W.3d 407, 408 (Tex.Crim.App. 2000); Manuel v. State, 994 S.W.2d 658, 661-62
(Tex.Crim.App.1999). The appellant in Daniels sought reversal of his conviction because
the reporter's record of his original plea hearing had been lost. The appellant urged that
the lost record prevented him from challenging the voluntariness of his plea and rulings on
pretrial motions. See Daniels, 30 S.W.3d at 408. The Court of Criminal Appeals held that
the reporter's record was not necessary to the appeal because Daniels could not, after
revocation of his probation and adjudication, appeal "any issues relating to the original
deferred adjudication proceeding." Id. 

 All of the matters referenced in appellant's motion for new trial related to the
proceedings leading to his original deferred adjudication plea hearing. Appellant could
have appealed such issues only when deferred adjudication was first imposed. Id. The
issues raised in appellant's motion for new trial could not be considered on direct appeal
following revocation of probation and adjudication. The issues in appellant's motion would
not have entitled him to relief, even if found to be true. Id. 

 Accordingly, the trial court did not abuse its discretion in denying appellant's motion
without holding an evidentiary hearing. We affirm the judgment of the trial court. 


 Phil Johnson

 Justice



Do not publish. 


 





ether allowing him to
do so is in his best interests. 



 We further direct the trial court to issue findings of fact and conclusions of law
addressing the foregoing subjects. Should the trial court determine that appellant not only
desires new counsel but also is entitled to same, then new counsel must be appointed by
the trial court, and the latter shall include in its findings of fact the name, address, telephone
and fax number, and state bar number of the new counsel appointed. Additionally, the trial
court shall also cause to be developed 1) a supplemental clerk's record containing the
findings of fact and conclusions of law and 2) a reporter's record transcribing the evidence
and argument presented at the aforementioned hearing. The trial court shall cause the
supplemental clerk's record to be filed with the clerk of this court on or before January 7,
2005. Should additional time be needed to perform these tasks, the trial court may request
same on or before January 5, 2005. Finally, the deadline of the State to file an appellee's
brief is stayed until further order of the court.

 It is so ordered.

 Brian Quinn

 Justice

 

Publish.

NO. 07-04-0305-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL D



DECEMBER 3, 2004



______________________________




EDWARD L. MARTINEZ, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE




_________________________________



FROM THE 137TH DISTRICT COURT OF LUBBOCK COUNTY;



NO. 2004-405,843; HONORABLE CECIL G. PURYEAR, JUDGE



_______________________________



Before QUINN and REAVIS and CAMPBELL, JJ.

CONCURRING OPINION


 I fully concur with the Court's decision to abate the appeal and remand this case to
the trial court for determination of the matters set out in the Court's opinion. For the reasons
discussed in opinions such as the First Court of Appeals' order in Cormier v. State, 85
S.W.3d 496 (Tex.App.-Houston [1st Dist.] 2002, no pet.), however, I continue to be of the
opinion that a Texas criminal defendant does not have a right or entitlement to represent
himself on appeal.


 James T. Campbell

 Justice



Publish. 


 

 
1. Various of the intermediate courts that have rejected Webb did so on the basis that the decision was
founded upon the United States Supreme Court decision in Faretta v. California, 422 U.S. 806, 95 S.Ct. 2525,
45 L.Ed.2d 562 (1975) (dealing with the right to self-representation at trial, not appeal). And, because the
United States Supreme Court later said in Martinez v. Court of Appeal, 528 U.S. 152, 120 S.Ct. 684, 145
L.Ed.2d 597 (2000) that the Sixth Amendment to the United States Constitution does not grant one the right
to self-representation on appeal, then the reliance placed on Faretta by the court in Webb was misplaced. 
See, e.g. Cormier v.State, 85 S.W.3d 496, 498 n.2 (Tex. App.-Houston [1st Dist.] 2002, no pet.); accord, Glenn
v. State, No. 03-03-00212-CR, 2003 Lexis 7082 (Tex. App.-Austin Aug. 6, 2003, no pet. h.). Yet, the
Supreme Court in Martinez took care to note that its decision did not preclude the differing states from
recognizing such a right under their own laws. Martinez, 528 U.S. at 163, 120 S.Ct. at 692, 145 L.Ed.2d 597. 
Moreover, the Court of Criminal Appeals in Webb plainly held that "the right of an accused to reject the
services of counsel and instead represent himself extends beyond trial into the appellate process." Webb v.
State, 533 S.W.2d 780, 784 (Tex. Crim. App. 1976). And though it mentioned Faretta in arriving at its holding,
it did not expressly state that either Faretta or the Sixth Amendment afforded an appellant the right to self-representation. Instead, the court said that "[i]t has long been held in this State [Texas] that a trial court may
not force an accused to accept an attorney if he wishes to waive representation and defend himself" and
supported the statement via precedent of the Court of Criminal Appeals issued long before Faretta. Webb
v. State, 533 S.W.2d at 783-84. So too was it said that because one has a right to counsel at trial and on
appeal (something no one disputes) "it would follow that the correlative right to reject the assistance of counsel
would be equally applicable to both the trial and appeal of a criminal case." Id. Given this, one can
legitimately ask whether the court in Webb held as it did because of Faretta and a belief that the Sixth
Amendment granted the right of self-representation on appeal or because the right to self-representation at
that level arises from this state's own jurisprudence and the concept of correlative rights and simple logic. If
it is the former, then Webb may well have been overruled by implication. If it is the latter, then it is still viable
controlling precedent, even under Martinez. Finally, none of the cases rejecting Webb have addressed that. 
See e.g. Green v. State, supra; Cormier v. State, supra. Nor has the highest criminal court in Texas directed
any intermediate court to ignore the precedent of Webb.