NO. 07-02-0014-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

AUGUST 6, 2002

_____

ADRIAN MAURICE HAYWARD, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 252ND DISTRICT COURT OF JEFFERSON COUNTY;

NO. 78454; HONORABLE LEONARD GIBLIN, JUDGE

_____

Before QUINN and REAVIS and JOHNSON, JJ.

Appellant Adrian Maurice Hayward appeals a conviction for aggravated assault with a deadly weapon and his sentence of five years confinement. We affirm.

Appellant was charged by indictment with the offense of aggravated assault with a deadly weapon. Pursuant to a plea agreement with the State, appellant waived trial by jury and entered a plea of guilty. The trial court accepted the plea of guilty, found that the evidence substantiated appellant's guilt, followed the plea agreement and on March 17,

2000, placed appellant on deferred adjudication for eight years. Appellant did not appeal from the proceedings.

On October 5, 2001, a hearing on the State's Motion to Proceed With Adjudication of Guilt on Original Charge was conducted. Appellant pled "true" to counts 2, 3 and 4 of the motion. On November 5, 2001, the court held a second hearing and found the allegations of counts 2, 3 and 4 of the motion were true. After allowing appellant, both via his attorney and by individual inquiry to appellant by the trial court, to make presentations as to punishment, the court sentenced appellant to confinement in the Institutional Division of the Texas Department of Criminal Justice for five years. No motion for new trial was filed. Appellant filed a general notice of appeal. He also filed a request that the trial court grant permission for him to appeal on the basis that his punishment was excessive. The record does not reflect permission of the trial court to appeal, nor does appellant's notice of appeal allege such permission.

Appellant's appointed appellate counsel has filed a Motion to Withdraw and a Brief in Support thereof. In support of the motion, counsel has certified that, in compliance with Anders v. California, 386 U.S. 738, 744-45, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), the record has been diligently reviewed. Counsel has concluded that the record reflects no reversible error or grounds upon which a non-frivolous appeal can arguably be predicated either as to the original proceeding or other issues unrelated to his original conviction.

After referencing and analyzing the record and the applicable law, counsel has concluded that under the controlling authorities, there is no reversible error in the trial court's judgment. See High v. State, 573 S.W.2d 807, 813 (Tex.Crim.App. 1978). Counsel has attached exhibits showing that a copy of the Anders brief and Motion to Withdraw have been forwarded to appellant, and that counsel has appropriately advised appellant of his right to review the record and file a response to counsel's motion and brief. In response to counsel's brief, appellant has filed a letter with the clerk. His letter states that he has read through his counsel's brief and Motion to Withdraw, and perceives that counsel was under the assumption that appellant wanted to appeal his "case that I got probation for." Appellant's letter then states that he understands that he made a plea bargain and received probation; but that what he wanted was "an appeal on . . . the decision that was made to revoke my probation." He also requests a court appointed attorney to represent him again.

We have made an independent examination of the record to determine whether there are any arguable grounds meriting appeal. See Penson v. Ohio, 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988); Stafford v. State, 813 S.W.2d 503, 511 (Tex.Crim.App. 1991). Appellant's notice of appeal is a general notice. See TEX. R. APP. P. 25.2(b)(3); Vidaurri v. State, 49 S.W.3d 880, 884-86 (Tex.Crim.App. 2001). In a deferred adjudication proceeding, appeal as to issues relating to the original deferred adjudication proceeding must be appealed when the deferred adjudication is first imposed. See id.; Daniels v. State, 30 S.W.3d 407, 408 (Tex.Crim.App. 2000). Appellant did not do so. Thus, his

3

notice of appeal did not invoke our jurisdiction as to the original deferred adjudication proceedings because of its form and because it was not timely to invoke appellate jurisdiction to review the original proceedings. Id. An untimely notice of appeal will not invoke the jurisdiction of the court of appeals. See White v. State, 61 S.W.3d 424, 428 (Tex.Crim.App. 2001). If an appeal is not timely perfected, a court of appeals does not have jurisdiction to address the merits of the appeal, and can take no action other than to dismiss the appeal. See id.; Slaton v. State, 981 S.W.2d 208, 210 (Tex.Crim.App. 1998). Because appellant did not invoke our jurisdiction to consider matters relating to his original deferred adjudication proceeding, we must dismiss the appeal as to any such possible issues. See White, 61 S.W.3d at 428; Vidaurri, 49 S.W.3d at 884-85.

Appellant's response to his appellate counsel's Anders brief states that he wished to appeal the trial court's decision to revoke his probation. But, under TEX. CRIM. PROC. CODE ANN. art. 42.12, § 5(b) (Vernon Supp. 2002), the trial court's decision to proceed with an adjudication of guilt is one of absolute discretion and is not reviewable. See Olowosuko v. State, 826 S.W.2d 940, 942 (Tex.Crim.App. 1992).

Appellant was afforded separate and specific opportunity at his hearing to present evidence and argument on punishment. The trial court specifically addressed appellant and asked him for input before setting punishment. The punishment assessed was within the range specified by statute for the crime of which appellant was convicted. We agree that the record does not support any arguably meritorious error which was harmful to

4

appellant as to such proceedings over which we have jurisdiction. <u>See</u> <u>Vidaurri</u>, 49 S.W.3d at 884-86.

The appeal is dismissed for lack of jurisdiction as to any issues relating to appellant's original deferred adjudication proceeding. The judgment of the trial court is affirmed as to any issues unrelated to the original deferred adjudication proceeding. Appellate counsel's motion to withdraw is granted.

Phil Johnson
Justice

Do not publish.