NO. 07-01-0234-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

AUGUST 7, 2002

_____

ROSTON RAMONE BERRY, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 320TH DISTRICT COURT OF POTTER COUNTY;

NO. 41,226-D; HONORABLE DON EMERSON, JUDGE

_____

Before QUINN and REAVIS and JOHNSON, JJ.

Appellant Roston Ramone Berry appeals his conviction for possession of a controlled substance and his punishment of confinement for eight years. We affirm.

Appellant was charged by indictment with the felony offense of possession of a controlled substance. Pursuant to a plea agreement with the State, appellant waived trial by jury and entered a plea of guilty. The trial court accepted the plea of guilty, found

appellant guilty, followed the plea agreement and on December 14, 1999, placed appellant on five years deferred adjudication. Appellant did not appeal from the proceedings.

On September 13, 2000, a Motion to Proceed With Adjudication of Guilt on Original Charge was filed. On May 2, 2001, the State filed an Amended Motion to Proceed With Adjudication of Guilt on Original Charge. A hearing on the State's amended motion was conducted on May 10, 2001. The trial court found the allegations in the amended motion to be true. Following a separate punishment hearing, the court sentenced appellant to eight years confinement in the Institutional Division of the Texas Department of Criminal Justice. No motion for new trial was filed. On May 11, 2001, appellant filed a *pro se* general notice of appeal. On May 30, 2001, his appointed appellate counsel filed a second notice of appeal which was also a general notice of appeal, but which additionally alleged that the appeal was being prosecuted pursuant to permission of the trial court.

Appellant's appointed appellate counsel has filed a Motion to Withdraw and a Brief in Support thereof. In support of the motion, counsel has certified that, in compliance with Anders v. California, 386 U.S. 738, 744-45, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), the record has been diligently reviewed. In the opinion of counsel this court's appellate jurisdiction has not been invoked over the appeal as to issues relating to the original conviction, the trial court's decision to proceed to adjudication of guilt, and the punishment assessed. Counsel cites TEX. R. APP. P. 25.2(b)(3), and authorities interpreting that rule. Counsel notes that a separate punishment hearing was held. See Vidaurri v. State, 49 S.W.3d 880 (Tex.Crim.App. 2001). Further, counsel has concluded that even if our

2

appellate jurisdiction has been invoked, the record reflects no reversible error or grounds upon which a non-frivolous appeal can arguably be predicated either as to the original proceeding or other issues unrelated to his original conviction. See id. at 884-86.

Counsel's brief demonstrates a conscientious review of the entire record and analysis of the legal issues involved in a potential appeal. After referencing and analyzing the record and the applicable law, counsel has discussed why, under the controlling authorities, there is no reversible error in the trial court's judgment. See High v. State, 573 S.W.2d 807, 813 (Tex.Crim.App. 1978). Counsel has attached exhibits showing that a copy of the Anders brief and Motion to Withdraw have been forwarded to appellant, and that counsel has appropriately advised appellant of his right to review the record and file a response to counsel's motion and brief. Appellant has not filed a response to counsel's motion and brief.

We have made an independent examination of the record to determine whether there are any arguable grounds meriting appeal. See Penson v. Ohio, 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988); Stafford v. State, 813 S.W.2d 503, 511 (Tex.Crim.App. 1991). Appellant's notice of appeal from his plea-bargained conviction is a general notice of appeal reflecting only one of the bases which invoke our appellate jurisdiction as specified by TEX. R. APP. P. 25.2(b)(3): permission of the trial court. The record reflects that on May 16, 2001, the trial court granted permission to appeal as to the original plea proceeding. But, in a deferred adjudication proceeding, appeal as to issues relating to the original deferred adjudication proceeding must be appealed when the deferred

3

adjudication is first imposed.  See Vidaurri, 49 S.W.3d at 884-85; Daniels v. State, 30 S.W.3d 407, 408 (Tex.Crim.App. 2000).  Appellant did not do so.  Nor were either of his notices of appeal filed in May, 2001, timely to invoke appellate jurisdiction to review the original proceedings.  Id.  An untimely notice of appeal will not invoke the jurisdiction of the court of appeals.  See White v. State, 61 S.W.3d 424, 428 (Tex.Crim.App. 2001).  If an appeal is not timely perfected, a court of appeals does not have jurisdiction to address the merits of the appeal, and can take no action other than to dismiss the appeal.  See id.; Slaton v. State, 981 S.W.2d 208, 210 (Tex.Crim.App. 1998). The trial court's granting of permission to appeal matters relating to the original plea proceeding could not serve to enlarge the time during which appellant could invoke appellate jurisdiction to review the original deferred adjudication proceedings; even we, as an appellate court, cannot enlarge the time for invoking appellate jurisdiction.  See id.  Because appellant did not timely invoke our jurisdiction to consider matters relating to his original deferred adjudication proceeding, we must dismiss the appeal as to any such possible issues.  See White, 61 S.W.3d at 428; Vidaurri, 49 S.W.3d at 884-85.

As to those matters unrelated to his original deferred adjudication proceeding, appellant was afforded a separate hearing on punishment.  See id.  He clearly desired to testify during the punishment hearing, declined the State's plea offer and admitted to violations of conditions of his deferred adjudication community supervision provisions. He preserved no error for consideration.  The record does not support any arguably meritorious error which was harmful to appellant.

4

The appeal is dismissed for lack of jurisdiction as to any issues relating to appellant's original deferred adjudication proceeding. The judgment of the trial court is affirmed as to any possible issues unrelated to the original deferred adjudication proceeding. Appellate counsel's motion to withdraw is granted.

Phil Johnson
Justice

Do not publish.