NO. 07-01-0234-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL C



AUGUST 7, 2002



______________________________




ROSTON RAMONE BERRY, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE




_________________________________



FROM THE 320TH DISTRICT COURT OF POTTER COUNTY;



NO. 41,226-D; HONORABLE DON EMERSON, JUDGE



_______________________________



Before QUINN and REAVIS and JOHNSON, JJ.

 Appellant Roston Ramone Berry appeals his conviction for possession of a
controlled substance and his punishment of confinement for eight years. We affirm. 

 Appellant was charged by indictment with the felony offense of possession of a
controlled substance. Pursuant to a plea agreement with the State, appellant waived trial
by jury and entered a plea of guilty. The trial court accepted the plea of guilty, found
appellant guilty, followed the plea agreement and on December 14, 1999, placed appellant
on five years deferred adjudication. Appellant did not appeal from the proceedings. 

 On September 13, 2000, a Motion to Proceed With Adjudication of Guilt on Original
Charge was filed. On May 2, 2001, the State filed an Amended Motion to Proceed With
Adjudication of Guilt on Original Charge. A hearing on the State's amended motion was
conducted on May 10, 2001. The trial court found the allegations in the amended motion
to be true. Following a separate punishment hearing, the court sentenced appellant to
eight years confinement in the Institutional Division of the Texas Department of Criminal
Justice. No motion for new trial was filed. On May 11, 2001, appellant filed a pro se
general notice of appeal. On May 30, 2001, his appointed appellate counsel filed a
second notice of appeal which was also a general notice of appeal, but which additionally
alleged that the appeal was being prosecuted pursuant to permission of the trial court. 

 Appellant's appointed appellate counsel has filed a Motion to Withdraw and a Brief
in Support thereof. In support of the motion, counsel has certified that, in compliance with
Anders v. California, 386 U.S. 738, 744-45, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), the
record has been diligently reviewed. In the opinion of counsel this court's appellate
jurisdiction has not been invoked over the appeal as to issues relating to the original
conviction, the trial court's decision to proceed to adjudication of guilt, and the punishment
assessed. Counsel cites Tex. R. App. P. 25.2(b)(3), and authorities interpreting that rule. 
Counsel notes that a separate punishment hearing was held. See Vidaurri v. State, 49
S.W.3d 880 (Tex.Crim.App. 2001). Further, counsel has concluded that even if our
appellate jurisdiction has been invoked, the record reflects no reversible error or grounds
upon which a non-frivolous appeal can arguably be predicated either as to the original
proceeding or other issues unrelated to his original conviction. See id. at 884-86. 

 Counsel's brief demonstrates a conscientious review of the entire record and
analysis of the legal issues involved in a potential appeal. After referencing and analyzing
the record and the applicable law, counsel has discussed why, under the controlling
authorities, there is no reversible error in the trial court's judgment. See High v. State, 573
S.W.2d 807, 813 (Tex.Crim.App. 1978). Counsel has attached exhibits showing that a
copy of the Anders brief and Motion to Withdraw have been forwarded to appellant, and
that counsel has appropriately advised appellant of his right to review the record and file
a response to counsel's motion and brief. Appellant has not filed a response to counsel's
motion and brief.

 We have made an independent examination of the record to determine whether
there are any arguable grounds meriting appeal. See Penson v. Ohio, 488 U.S. 75, 109
S.Ct. 346, 102 L.Ed.2d 300 (1988); Stafford v. State, 813 S.W.2d 503, 511 (Tex.Crim.App.
1991). Appellant's notice of appeal from his plea-bargained conviction is a general notice
of appeal reflecting only one of the bases which invoke our appellate jurisdiction as
specified by Tex. R. App. P. 25.2(b)(3): permission of the trial court. The record reflects
that on May 16, 2001, the trial court granted permission to appeal as to the original plea
proceeding. But, in a deferred adjudication proceeding, appeal as to issues relating to the
original deferred adjudication proceeding must be appealed when the deferred
adjudication is first imposed. See Vidaurri, 49 S.W.3d at 884-85; Daniels v. State, 30
S.W.3d 407, 408 (Tex.Crim.App. 2000). Appellant did not do so. Nor were either of his
notices of appeal filed in May, 2001, timely to invoke appellate jurisdiction to review the
original proceedings. Id. An untimely notice of appeal will not invoke the jurisdiction of the
court of appeals. See White v. State, 61 S.W.3d 424, 428 (Tex.Crim.App. 2001). If an
appeal is not timely perfected, a court of appeals does not have jurisdiction to address the
merits of the appeal, and can take no action other than to dismiss the appeal. See id.;
Slaton v. State, 981 S.W.2d 208, 210 (Tex.Crim.App. 1998). The trial court's granting of
permission to appeal matters relating to the original plea proceeding could not serve to
enlarge the time during which appellant could invoke appellate jurisdiction to review the
original deferred adjudication proceedings; even we, as an appellate court, cannot enlarge
the time for invoking appellate jurisdiction. See id. Because appellant did not timely
invoke our jurisdiction to consider matters relating to his original deferred adjudication
proceeding, we must dismiss the appeal as to any such possible issues. See White, 61
S.W.3d at 428; Vidaurri, 49 S.W.3d at 884-85.

 As to those matters unrelated to his original deferred adjudication proceeding,
appellant was afforded a separate hearing on punishment. See id. He clearly desired to
testify during the punishment hearing, declined the State's plea offer and admitted to
violations of conditions of his deferred adjudication community supervision provisions. He
preserved no error for consideration. The record does not support any arguably
meritorious error which was harmful to appellant. 

 The appeal is dismissed for lack of jurisdiction as to any issues relating to
appellant's original deferred adjudication proceeding. The judgment of the trial court is
affirmed as to any possible issues unrelated to the original deferred adjudication
proceeding. Appellate counsel's motion to withdraw is granted. 


 Phil Johnson

 Justice




Do not publish.