NO. 07-03-0038-CR
07-03-0040-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

MARCH 12, 2004

_____


DAVID SOLOMON MAZE, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE CRIMINAL JUDICIAL DISTRICT COURT OF JEFFERSON COUNTY;

NO. 78589, 77617; HONORABLE LARRY GIST, JUDGE

_____

Before JOHNSON, C.J., and QUINN and REAVIS, JJ.


**MEMORANDUM OPINION**

Appellant David Solomon Maze appeals two convictions for possession of a controlled substance (cocaine). We dismiss for lack of jurisdiction in part and affirm in part.

Pursuant to a plea bargain, appellant pled guilty to two charges of possession of a controlled substance in the Criminal District Court of Jefferson County. On June 3, 1999,

appellant appeared and pled guilty to a charge of possession of cocaine in an amount of at least one gram but less than four grams, a third degree felony (Appellate Cause No. 07-03-0038-CR, Trial Cause No. 78589). At the same hearing, appellant pled guilty to possession of cocaine in an amount of at least four grams, but less than 200 grams, a second degree felony (Appellate Cause No. 07-03-0040-CR, Trial Cause No. 77617). Prior to this hearing, appellant signed written plea admonishments, stipulations, waivers and judicial admissions regarding both charges. He also made his plea of guilty on the record while in open court. The trial court accepted the punishment recommendations relating to these charges that appellant and the prosecutor had agreed upon and sentenced appellant to community supervision for a period of ten years with adjudication deferred and a $1,000 fine for each charge.

On July 10, 2000, appellant appeared in court and pled guilty to an additional charge of possession of cocaine. As this new conviction violated the terms of appellant's community supervision, the State filed motions to revoke probation on the earlier possession charges. Appellant pled "true" to a total of five counts of violating the terms of his community supervision. The trial court entered a judgment of guilty on the third degree felony charge but abated the motion on the second degree felony charge pending appellant's successful completion of a Substance Abuse Felony Punishment Facility program. The trial court sentenced appellant to ten years in the Texas Department of Criminal Justice, Institutional Division, for the third degree conviction but suspended the term for ten years.

On October 21, 2002, appellant again appeared before the trial court on motions to revoke probation. Appellant pled "true" to five violations of the terms of his community supervision, including evading detention and failing to identify himself to a peace officer. The trial court granted both motions, adjudicated appellant guilty on the second degree felony and sentenced appellant to ten years confinement in the Texas Department of Criminal Justice, Institutional Division.

Appellant filed separate notices of appeal for each of these convictions and sentences. The notices are general notices of appeal.

Counsel for appellant has filed a Motion to Withdraw as Counsel and a Brief in Support thereof in each appeal. In support of the motions to withdraw, counsel has certified that, in compliance with Anders v. California, 386 U.S. 738, 744-45, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), the record has been diligently reviewed and, that in the opinion of counsel, the record reflects no reversible error or grounds upon which non-frivolous appeals can arguably be predicated. Counsel thus concludes that the appeals are frivolous. Counsel has discussed why, under the controlling authorities, there are no arguably reversible errors in the trial court proceedings or judgments. See High v. State, 573 S.W.2d 807, 813 (Tex.Crim.App. 1978).

Counsel has certified that a copy of the Anders brief and Motions to Withdraw as Counsel have been served on appellant, and that counsel has appropriately advised appellant of his right to review the record and file *pro se* responses. Appellant did not file a *pro se* response.

3

In deferred adjudication proceedings, issues relating to the original deferred adjudication proceeding must be appealed when the deferred adjudication is first imposed. See Vidaurri v. State, 49 S.W.3d 880, 884-86 (Tex.Crim.App. 2001); Daniels v. State, 30 S.W.3d 407, 408 (Tex.Crim.App. 2000). Appellant did not do so. Thus, his notice of appeal was not timely to invoke appellate jurisdiction to review the original proceedings. Id. An untimely notice of appeal will not invoke the jurisdiction of the court of appeals. See White v. State, 61 S.W.3d 424, 428 (Tex.Crim.App. 2001). If an appeal is not timely perfected, a court of appeals does not have jurisdiction to address the merits of the appeal, and can take no action other than to dismiss the appeal. See id.; Slaton v. State, 981 S.W.2d 208, 210 (Tex.Crim.App. 1998). Because appellant did not invoke our jurisdiction to consider matters relating to his original deferred adjudication proceeding, we must dismiss the appeal as to any such possible issues. See White, 61 S.W.3d at 428; Vidaurri, 49 S.W.3d at 884-85.

As to those matters unrelated to his original deferred adjudication proceeding, the record does not support any arguably meritorious error which was harmful to appellant.

The appeals are dismissed for lack of jurisdiction as to any issues relating to appellant's original deferred adjudication proceedings. The judgments of the trial court are affirmed as to any issues unrelated to the original deferred adjudication proceedings. Appellate counsel's motions to withdraw are granted.

Phil Johnson
Chief Justice

Do not publish.