NO. 07-04-0062-CR


NO. 07-04-0063-CR





IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL B



JUNE 2, 2004


______________________________



DAMON SHARP, 



 APPELLANT


v.



THE STATE OF TEXAS, 



 APPELLEE

_________________________________



FROM THE 364TH DISTRICT COURT OF LUBBOCK COUNTY;



NOS. 2002-439,868 & 2002-439,869; HON. BRADLEY UNDERWOOD, PRESIDING


_______________________________



Before JOHNSON, C.J., and QUINN and CAMPBELL, JJ.

 Damon Sharp (appellant) appeals his two convictions for injury to a child. Pursuant
to a plea of nolo contendere, but without benefit of an agreed recommendation from the
State as to punishment, the trial court found him guilty and assessed punishment at life
imprisonment for the offense prosecuted under cause number 2002-439,868 and ten years
imprisonment for the offense prosecuted under cause number 2002-439,869. Appellant
now appeals the convictions. 

 Appellant's appointed counsel filed motions to withdraw, together with Anders (1)
briefs, wherein he certifies that, after diligently searching the record, he has concluded that
appellant's appeals are without merit. Along with his briefs, appellate counsel attached a
copy of a letter sent to appellant informing him of counsel's belief that there was no
reversible error and of appellant's right to appeal pro se. By letter dated April 28, 2004, this
court notified appellant of his right to file his own briefs or responses by May 27, 2004, if
he wished to do so. To date, appellant has failed to file a response or a motion for
extension of time to file same. 

 In compliance with the principles enunciated in Anders, appellate counsel discussed
three potential areas for appeal which were founded upon 1) the voluntariness of
appellant's plea, 2) the sufficiency of evidence to support a finding of guilt and an
affirmative finding that a deadly weapon was used, and 3) the effectiveness of trial counsel. 
However, appellate counsel then satisfactorily explained why the arguments lacked merit.
Thereafter, we conducted our own review of the record to assess the accuracy of appellate
counsel's conclusions and to uncover any error, reversible or otherwise, pursuant to
Stafford v. State, 813 S.W.2d 503 (Tex. Crim. App. 1991). Our own review not only
confirmed the accuracy of appellate counsel's representations but also failed to reveal any
error.

 Accordingly, the motions to withdraw are granted, and the judgments are affirmed.

 

 Brian Quinn 

 Justice 


Do not publish. 
1. Anders v. California, 386 U.S. 738, 744-45, 87 S.Ct. 1396, 18 L.Ed.2d 493(1967).



e record has been diligently reviewed. In the opinion of counsel,
this court's appellate jurisdiction has not been invoked over the appeal as to issues relating
to the original conviction, the trial court's decision to proceed to adjudication of guilt, and
the punishment assessed. See Vidaurri v. State, 49 S.W.3d 880, 884 (Tex.Crim.App.
2001). Further, counsel has concluded that even if our appellate jurisdiction has been
invoked, the record reflects no reversible error or grounds upon which a non-frivolous
appeal can arguably be predicated either as to the original proceeding or other issues
unrelated to his original conviction.

 Counsel's brief demonstrates a conscientious review of the entire record and
analysis of the legal issues involved in a potential appeal. After referencing and analyzing
the record and the applicable law, counsel has discussed why, under the controlling
authorities, there is no reversible error in the trial court's judgment. See High v. State, 573
S.W.2d 807, 813 (Tex.Crim.App. 1978). Counsel has attached exhibits showing that a
copy of the Anders brief and Motion to Withdraw have been forwarded to appellant, and
that counsel has appropriately advised appellant of his right to review the record and file
a response to counsel's motion and brief. Appellant has filed a response to counsel's
motion and brief, raising one additional issue related to the adjudication proceeding.

 We have made an independent examination of the record to determine whether
there are any arguable grounds meriting appeal. See Penson v. Ohio, 488 U.S. 75, 109
S.Ct. 346, 102 L.Ed.2d 300 (1988); Stafford v. State, 813 S.W.2d 503, 511 (Tex.Crim.App.
1991). Moreover, in a deferred adjudication proceeding, appeal as to issues relating to the
original deferred adjudication proceeding must be appealed when the deferred adjudication
is first imposed. See Daniels v. State, 30 S.W.3d 407, 408 (Tex.Crim.App. 2000). 
Appellant did not do so. Thus, his notice of appeal was not timely to invoke appellate
jurisdiction to review the original proceedings. Id. An untimely notice of appeal will not
invoke the jurisdiction of the court of appeals. See White v. State, 61 S.W.3d 424, 428
(Tex.Crim.App. 2001). If an appeal is not timely perfected, a court of appeals does not
have jurisdiction to address the merits of the appeal, and can take no action other than to
dismiss the appeal. See id. Because appellant did not invoke our jurisdiction to consider
matters relating to his original deferred adjudication proceeding, we must dismiss the
appeal as to any such possible issues. See White, 61 S.W.3d at 428; Vidaurri, 49 S.W.3d
at 884-85. As to those matters unrelated to his original deferred adjudication proceeding,
the record does not support any arguably meritorious error which was harmful to appellant.

 The appeal is dismissed for lack of jurisdiction as to any issues relating to appellant's
original deferred adjudication proceeding. Appellant's counsel has moved for leave to
withdraw. See Johnson v. State, 885 S.W.2d 641, 645 (Tex.App.-Waco 1994, writ ref'd). 
We carried the motion for consideration with the merits of the appeal. Having found no
reversible error, appellant's counsel's motion to withdraw is granted and the trial court's
judgment is affirmed as to any issues unrelated to the original deferred adjudication
proceeding. 

 Mackey K. Hancock

 Justice

Do not publish. 
1. Trial Cause No. 15,208-B's indictment actually includes two counts of Indecency
with a Child, both of which appellant pled guilty, and to which the trial court later
adjudicated appellant. However, the trial court treated that case as a single offense for
sentencing purposes.