NO. 07-03-0326-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

DECEMBER 14, 2004

______________________________

MELINDA ANN MULLINS, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_________________________________

FROM THE 64TH DISTRICT COURT OF HALE COUNTY;

NO. A14710-0211; HONORABLE ROBERT W. KINKAID, JR., JUDGE

_______________________________

Before JOHNSON, C.J., and REAVIS and CAMPBELL, JJ.

MEMORANDUM OPINION

Appellant Melinda Ann Mullins appeals a judgment revoking her community supervision and adjudicating her guilty of forgery of a financial instrument.  We dismiss in part for want of jurisdiction and affirm in part.   

Pursuant to a plea bargain, appellant pled guilty to a charge of forgery of a financial instrument in the 64
th
 District Court of Hale County.  The trial court found that the evidence substantiated appellant’s guilt, accepted the guilty plea, deferred adjudication and sentenced 
appellant
 to two years community supervision and a $250 fine.

The State subsequently filed a motion to adjudicate appellant guilty and to revoke appellant’s community supervision probation.  The motion was heard on June 23, 2003.  Appellant pled true to all six of the probation violations alleged in the motion.  The trial court found that appellant violated her probation terms, revoked appellant’s community supervision, adjudicated her guilty of forgery of a financial instrument and sentenced her to 18 months incarceration in the Texas Department of Criminal Justice, Institutional Division.

Appellant
 timely filed a general Notice of Appeal on July 22, 2003.  Prior to filing her appeal brief, appellant amended her Notice of Appeal to allege that her appeal arises from a jurisdictional defect or error.

Counsel for 
appellant
 has filed a Motion to Withdraw and a Brief in Support thereof.  In 
support of the motion, counsel has certified that, in compliance with 
Anders v. California
, 386 U.S. 738, 744-745, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), the record has been diligently reviewed and, in the opinion of counsel, the record reflects no reversible error or grounds upon which a non-frivolous appeal can arguably be predicated.  Counsel thus concludes that the appeal is frivolous.  Counsel has discussed why, under the controlling authorities, there is no arguably reversible error in the trial court proceedings or judgment. 
See
 
High v. State
, 573 S.W.2d 807, 813 (Tex.Crim.App. 1978).

Counsel has attached exhibits showing that a copy of the 
Anders
 brief and Motion to Withdraw have been forwarded to appellant, and that counsel has appropriately advised appellant of her right to review the record and file a 
pro se
 response to counsel’s motion and brief.  The clerk of this court has likewise advised appellant of her right to file a response to counsel’s motion and brief.  Appellant has not filed a response. 

In deferred adjudication proceedings, appeal as to issues relating to the original deferred adjudication proceeding must be appealed when the deferred adjudication is first imposed.  
See
 
Vidaurri v. State
, 49 S.W.3d 880, 884-86 (Tex.Crim.App. 2001)
; 
Daniels v. State
, 30 S.W.3d 407, 408 (Tex.Crim.App. 2000).  
Appellant did not do so.  Thus, her notice of appeal was not timely to invoke appellate jurisdiction to review the original proceedings.  
Id
.  An untimely notice of appeal will not invoke the jurisdiction of the court of appeals.  
See
 
White v. State
, 61 S.W.3d 424, 428 (Tex.Crim.App. 2001)
.  If an appeal is not timely perfected, a court of appeals does not have jurisdiction to address the merits of the appeal, and can take no action other than to dismiss the appeal.  
See
 
id
.; 
Slaton v. State
, 981 S.W.2d 208, 210 (Tex.Crim.App. 1998).
  Because appellant did not invoke our jurisdiction to consider matters relating to her original deferred adjudication proceeding, we must dismiss the appeal as to any such possible issues.  
See
 
White
, 61 S.W.3d at 428; 
Vidaurri
, 49 S.W.3d at 
884-85.

As to those matters unrelated to her original deferred adjudication proceeding, the record does not support any arguably meritorious error which was harmful to appellant.  

 The appeal is dismissed for lack of jurisdiction as to any issues relating to appellant’s original deferred adjudication proceeding.  
The judgment of the trial court is affirmed as to any issues unrelated to the original deferred adjudication proceeding.  Appellate counsel’s motion to withdraw is granted. 

Phil Johnson

Chief Justice

Do not publish.