NO. 07-03-0326-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL A



DECEMBER 14, 2004



______________________________




MELINDA ANN MULLINS, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE




_________________________________



FROM THE 64TH DISTRICT COURT OF HALE COUNTY;



NO. A14710-0211; HONORABLE ROBERT W. KINKAID, JR., JUDGE



_______________________________



Before JOHNSON, C.J., and REAVIS and CAMPBELL, JJ.

MEMORANDUM OPINION


 Appellant Melinda Ann Mullins appeals a judgment revoking her community
supervision and adjudicating her guilty of forgery of a financial instrument. We dismiss in
part for want of jurisdiction and affirm in part. 

 Pursuant to a plea bargain, appellant pled guilty to a charge of forgery of a financial
instrument in the 64th District Court of Hale County. The trial court found that the evidence
substantiated appellant's guilt, accepted the guilty plea, deferred adjudication and
sentenced appellant to two years community supervision and a $250 fine.

 The State subsequently filed a motion to adjudicate appellant guilty and to revoke
appellant's community supervision probation. The motion was heard on June 23, 2003. 
Appellant pled true to all six of the probation violations alleged in the motion. The trial court
found that appellant violated her probation terms, revoked appellant's community
supervision, adjudicated her guilty of forgery of a financial instrument and sentenced her
to 18 months incarceration in the Texas Department of Criminal Justice, Institutional
Division.

 Appellant timely filed a general Notice of Appeal on July 22, 2003. Prior to filing her
appeal brief, appellant amended her Notice of Appeal to allege that her appeal arises from
a jurisdictional defect or error.

 Counsel for appellant has filed a Motion to Withdraw and a Brief in Support thereof. 
In support of the motion, counsel has certified that, in compliance with Anders v. California,
386 U.S. 738, 744-745, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), the record has been
diligently reviewed and, in the opinion of counsel, the record reflects no reversible error or
grounds upon which a non-frivolous appeal can arguably be predicated. Counsel thus
concludes that the appeal is frivolous. Counsel has discussed why, under the controlling
authorities, there is no arguably reversible error in the trial court proceedings or judgment.
See High v. State, 573 S.W.2d 807, 813 (Tex.Crim.App. 1978).

 Counsel has attached exhibits showing that a copy of the Anders brief and Motion
to Withdraw have been forwarded to appellant, and that counsel has appropriately advised
appellant of her right to review the record and file a pro se response to counsel's motion
and brief. The clerk of this court has likewise advised appellant of her right to file a
response to counsel's motion and brief. Appellant has not filed a response. 

 In deferred adjudication proceedings, appeal as to issues relating to the original
deferred adjudication proceeding must be appealed when the deferred adjudication is first
imposed. See Vidaurri v. State, 49 S.W.3d 880, 884-86 (Tex.Crim.App. 2001); Daniels v.
State, 30 S.W.3d 407, 408 (Tex.Crim.App. 2000). Appellant did not do so. Thus, her
notice of appeal was not timely to invoke appellate jurisdiction to review the original
proceedings. Id. An untimely notice of appeal will not invoke the jurisdiction of the court
of appeals. See White v. State, 61 S.W.3d 424, 428 (Tex.Crim.App. 2001). If an appeal
is not timely perfected, a court of appeals does not have jurisdiction to address the merits
of the appeal, and can take no action other than to dismiss the appeal. See id.; Slaton v.
State, 981 S.W.2d 208, 210 (Tex.Crim.App. 1998). Because appellant did not invoke our
jurisdiction to consider matters relating to her original deferred adjudication proceeding, we
must dismiss the appeal as to any such possible issues. See White, 61 S.W.3d at 428;
Vidaurri, 49 S.W.3d at 884-85.

 As to those matters unrelated to her original deferred adjudication proceeding, the
record does not support any arguably meritorious error which was harmful to appellant. 

 The appeal is dismissed for lack of jurisdiction as to any issues relating to
appellant's original deferred adjudication proceeding. The judgment of the trial court is
affirmed as to any issues unrelated to the original deferred adjudication proceeding. 
Appellate counsel's motion to withdraw is granted. 


 Phil Johnson

 Chief Justice




Do not publish.