NOS. 07-05-0102-CR
07-05-0103-CR
07-05-0104-CR
07-05-0105-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

JUNE 20, 2006
_____

DAVID ARNOLD BROWN, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE
_____

FROM THE 181ST DISTRICT COURT OF RANDALL COUNTY;

NOS. 15,208-B, 15,209-B, 15,210-B, 15,211-B; HONORABLE JOHN BOARD, JUDGE
_____

Before REAVIS and CAMPBELL and HANCOCK, JJ.

_____**MEMORANDUM OPINION**

Appellant, David Arnold Brown, appeals his convictions for Indecency with a Child and punishment of ten years confinement in the Institutional Division of the Texas Department of Criminal Justice in each cause to be served consecutively. Appellant's counsel has filed a brief in compliance with Anders v. California, 386 U.S. 738, 744-45, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), and Gainous v. State, 436 S.W.2d 137, 138 (Tex.Crim.App. 1969). We affirm.

Appellant was charged by four indictments with the offenses of indecency with a child. In November of 2003, appellant was tried before a jury and was found guilty of all charges. However, prior to a punishment hearing, appellant filed a motion for new trial, and the State did not oppose the motion. The trial court granted appellant's motion for new trial. Appellant then pled guilty to five counts of indecency with a child.[1] The trial court accepted appellant's pleas of guilty, deferred further proceedings, and sentenced appellant to ten years deferred adjudication in each case. Appellant did not appeal from the proceedings.

On December 21, 2004, the State filed an "Amended Motion to Revoke Order Granting Unadjudicated Probation" alleging seven violations in each case. A hearing on the motions was held on December 29th and 30th of 2004. The trial court found three violations dealing with new offenses to be true, and found the final alleged violation of contacting the victim of the original offenses to also be true. Following a separate punishment hearing, the court sentenced appellant to confinement in the Institutional Division of the Texas Department of Criminal Justice for ten years in each cause to be served consecutively. Appellant filed a motion for new trial on January 27, 2005 in each case which the trial court denied on February 2, 2005. Appellant then filed timely notice of appeal on March 22, 2005 in each cause.

Appellant's appointed appellate counsel has filed a Motion to Withdraw and a Brief in Support thereof. In support of the motion, counsel has certified that, in compliance with

---

[1]Trial Cause No. 15,208-B's indictment actually includes two counts of Indecency with a Child, both of which appellant pled guilty, and to which the trial court later adjudicated appellant. However, the trial court treated that case as a single offense for sentencing purposes.

2

Anders and Gainous, the record has been diligently reviewed. In the opinion of counsel, this court's appellate jurisdiction has not been invoked over the appeal as to issues relating to the original conviction, the trial court's decision to proceed to adjudication of guilt, and the punishment assessed. See Vidaurri v. State, 49 S.W.3d 880, 884 (Tex.Crim.App. 2001). Further, counsel has concluded that even if our appellate jurisdiction has been invoked, the record reflects no reversible error or grounds upon which a non-frivolous appeal can arguably be predicated either as to the original proceeding or other issues unrelated to his original conviction.

Counsel's brief demonstrates a conscientious review of the entire record and analysis of the legal issues involved in a potential appeal. After referencing and analyzing the record and the applicable law, counsel has discussed why, under the controlling authorities, there is no reversible error in the trial court's judgment. See High v. State, 573 S.W.2d 807, 813 (Tex.Crim.App. 1978). Counsel has attached exhibits showing that a copy of the Anders brief and Motion to Withdraw have been forwarded to appellant, and that counsel has appropriately advised appellant of his right to review the record and file a response to counsel's motion and brief. Appellant has filed a response to counsel's motion and brief, raising one additional issue related to the adjudication proceeding.

We have made an independent examination of the record to determine whether there are any arguable grounds meriting appeal. See Penson v. Ohio, 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988); Stafford v. State, 813 S.W.2d 503, 511 (Tex.Crim.App. 1991). Moreover, in a deferred adjudication proceeding, appeal as to issues relating to the original deferred adjudication proceeding must be appealed when the deferred adjudication

3

is first imposed.  See Daniels v. State, 30 S.W.3d 407, 408 (Tex.Crim.App. 2000). Appellant did not do so.  Thus, his notice of appeal was not timely to invoke appellate jurisdiction to review the original proceedings.  Id.  An untimely notice of appeal will not invoke the jurisdiction of the court of appeals.  See White v. State, 61 S.W.3d 424, 428 (Tex.Crim.App. 2001).  If an appeal is not timely perfected, a court of appeals does not have jurisdiction to address the merits of the appeal, and can take no action other than to dismiss the appeal.  See id.  Because appellant did not invoke our jurisdiction to consider matters relating to his original deferred adjudication proceeding, we must dismiss the appeal as to any such possible issues.  See White, 61 S.W.3d at 428; Vidaurri, 49 S.W.3d at 884-85.  As to those matters unrelated to his original deferred adjudication proceeding, the record does not support any arguably meritorious error which was harmful to appellant.

The appeal is dismissed for lack of jurisdiction as to any issues relating to appellant's original deferred adjudication proceeding.  Appellant's counsel has moved for leave to withdraw.  See Johnson v. State, 885 S.W.2d 641, 645 (Tex.App.–Waco 1994, writ ref'd). We carried the motion for consideration with the merits of the appeal.  Having found no reversible error, appellant's counsel's motion to withdraw is granted and the trial court's judgment is affirmed as to any issues unrelated to the original deferred adjudication proceeding.

                                        Mackey K. Hancock
                                             Justice
Do not publish.

4