NO. 07-06-0217-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL C



JANUARY 18, 2007


______________________________



PAUL OTTWELL, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE


_________________________________



FROM THE 364TH DISTRICT COURT OF LUBBOCK COUNTY;



NO. 2003-404260; HONORABLE BRADLEY S. UNDERWOOD, JUDGE


_______________________________




Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

MEMORANDUM OPINION
 

 Appellant was convicted after a jury trial of the offense of injury to a child and was
sentenced, by the same jury, to a term of confinement for fifteen years in the Institutional
Division of the Texas Department of Criminal Justice. We affirm.

 Appellant's attorney has filed an Anders brief and a motion to withdraw. Anders v.
California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed. 2d 498 (1967). In support of his motion
to withdraw, counsel certifies that he has diligently reviewed the record, and in his opinion,
the record reflects no reversible error upon which an appeal can be predicated. Id. at 744-45. In compliance with High v. State, 573 S.W.2d 807, 813 (Tex.Crim.App. 1978), counsel
has candidly discussed why, under the controlling authorities, there is no error in the trial
court's judgment. Additionally, counsel has certified that he has provided appellant a copy
of the Anders brief and motion to withdraw and appropriately advised appellant of his right
to file a pro se response in this matter. Stafford v. State, 813 S.W.2d 503, 510
(Tex.Crim.App. 1991). The court has also advised appellant of his right to file a pro se
response. Appellant has filed a response.

 By his response to counsel's Anders brief, appellant raises grounds that he alleges
could possibly support an appeal. We have reviewed these grounds and made an
independent review of the entire record to determine whether there are any arguable
grounds which might support an appeal. See Penson v. Ohio, 488 U.S. 75, 109 S.Ct. 346,
102 L.Ed.2d 300 (1988); Bledsoe v. State, 178 S.W.3d 824 (Tex.Crim.App. 2005). We
have found no such arguable grounds and agree with counsel that the appeal is frivolous.

 Accordingly, counsel's motion to withdraw is hereby granted and the trial court's
judgment is affirmed.

 

 Mackey K. Hancock

 Justice




Do not publish. 



rd. See Jordan v. State, 883 S.W.2d 664, 665
(Tex.Crim.App. 1994); Reyes, 849 S.W.2d 816. The purpose of such a hearing is for a
defendant to fully develop the issues raised in his motion for new trial. See Jordan, 883
S.W.2d at 665. When an accused presents a motion for new trial raising matters not
determinable from the record, upon which the accused could be entitled to relief, the trial
court abuses its discretion in failing to hold a hearing. See Reyes, 849 S.W.2d at 816. 

 A defendant placed on deferred adjudication must appeal issues relating to the
original deferred adjudication proceeding when deferred adjudication is first imposed, and
cannot appeal such matters after revocation of probation and adjudication. See Daniels v.
State, 30 S.W.3d 407, 408 (Tex.Crim.App. 2000); Manuel v. State, 994 S.W.2d 658, 661-62
(Tex.Crim.App.1999). The appellant in Daniels sought reversal of his conviction because
the reporter's record of his original plea hearing had been lost. The appellant urged that
the lost record prevented him from challenging the voluntariness of his plea and rulings on
pretrial motions. See Daniels, 30 S.W.3d at 408. The Court of Criminal Appeals held that
the reporter's record was not necessary to the appeal because Daniels could not, after
revocation of his probation and adjudication, appeal "any issues relating to the original
deferred adjudication proceeding." Id. 

 All of the matters referenced in appellant's motion for new trial related to the
proceedings leading to his original deferred adjudication plea hearing. Appellant could
have appealed such issues only when deferred adjudication was first imposed. Id. The
issues raised in appellant's motion for new trial could not be considered on direct appeal
following revocation of probation and adjudication. The issues in appellant's motion would
not have entitled him to relief, even if found to be true. Id. 

 Accordingly, the trial court did not abuse its discretion in denying appellant's motion
without holding an evidentiary hearing. We affirm the judgment of the trial court. 


 Phil Johnson

 Justice



Do not publish.