

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 2-08-056-CR

MARIA LUISA DOMINGUEZ                      APPELLANT

V.

THE STATE OF TEXAS                           STATE

------------

## FROM CRIMINAL DISTRICT COURT NO. 2 OF TARRANT COUNTY

------------

## MEMORANDUM OPINION[1]

------------

### I. Introduction

In one issue, Appellant Maria Luisa Dominguez appeals the trial court's order revoking her community supervision. We affirm.

---

[1] *See* Tex. R. App. P. 47.4.

## II. Factual and Procedural Background

In July 2007, Dominguez pleaded guilty to the offense of unauthorized use of a motor vehicle. Pursuant to a plea agreement, the trial court placed Dominguez on three years' deferred adjudication community supervision. Less than six months later, the State filed a motion to adjudicate, alleging that Dominguez had violated her community supervision by (1) using cocaine and marijuana, (2) not attending treatment for substance abuse, and (3) failing to report to the probation department on more than one occasion. Dominguez waived her right to a revocation hearing and entered a plea of true. The trial court sentenced Dominguez to confinement for one year in a state jail facility. Approximately two weeks later, Dominguez filed a motion for new trial and a motion for a competency examination, asserting that she had been incompetent to enter a plea of true. The trial court denied Dominguez's motions. This appeal followed.

## III. Motion for New Trial

On appeal, Dominguez asserts that the trial court erred by denying her motion for new trial because she lacked sufficient competency to waive her right to a revocation hearing and to enter a plea of true.

**A. Standard of Review**

We review a trial court's denial of a motion for new trial and its decision not to conduct a competency hearing under the abuse of discretion standard. *See Holden v. State*, 201 S.W.3d 761, 763 (Tex. Crim. App. 2006); *Moore v. State*, 999 S.W.2d 385, 393 (Tex. Crim. App. 1999), *cert. denied*, 530 U.S. 1216 (2000); *Lawrence v. State*, 169 S.W.3d 319, 322 (Tex. App.—Fort Worth 2005, pet. ref'd).  A trial court abuses its discretion if its decision is arbitrary or unreasonable.  *Lewis v. State*, 911 S.W.2d 1, 7 (Tex. Crim. App. 1995).

**B. Applicable Law**

A person is competent to stand trial unless she lacks sufficient ability to consult with counsel with a reasonable degree of rational understanding or lacks a rational as well as factual understanding of the proceedings.  Tex. Code Crim. Proc. Ann. art. 46B.003(a) (Vernon 2006).  A person is presumed to be competent. *Id*. art. 46B.003(b).  When a party moves, or when the trial court becomes aware of evidence suggesting that a defendant is incompetent, the trial court must conduct an "informal inquiry" to determine if there is some evidence to support a finding that the defendant may be incompetent to stand trial. *Id*. art. 46B.004(c).  If there is such evidence, the trial court must order an examination to determine if the defendant is competent and hold a trial on

3

the issue of the defendant's competency. Tex. Code Crim. Proc. Ann. art. 46B.005(a), (b); *Alcott v. State*, 51 S.W.3d 596, 601 (Tex. Crim. App. 2001) (applying predecessor statute).

When competency is challenged in a motion for new trial, the trial court does not look to whether the evidence raises a bona fide doubt as to competence; instead, it applies the normal standard used in deciding a motion for new trial, considering all the evidence presented, judging the credibility of witnesses, and resolving conflicts in the evidence. *See Purchase v. State*, 84 S.W.3d 696, 699 (Tex. App.—Houston [1st Dist.] 2002, pet. ref'd); *Edwards v. State*, 993 S.W.2d 171, 175 (Tex. App.—El Paso 1999, pet. ref'd); *Powell v. State*, Nos. 03-07-00548-CR, 03-07-00697-CR, 2008 WL 3540067, at *4 (Tex. App.—Austin Aug. 14, 2008, no pet.); *Beltran v. State*, No. 12-06-00390-CR, 2007 WL 4216541, at *2 (Tex. App.—Tyler Nov. 30, 2007, pet. dism'd). As a prerequisite to a hearing, the motion for new trial must be supported by an affidavit specifically showing the truth of the grounds alleged as a basis for a new trial. *Reyes v. State*, 849 S.W.2d 812, 816 (Tex. Crim. App. 1993). Affidavits that are conclusory in nature and unsupported by facts are not sufficient to put the trial court on notice that reasonable grounds for relief exist. *Jordan v. State*, 883 S.W.2d 664, 665 (Tex. Crim. App. 1994).

4

## C. Analysis

In Dominguez's motion for new trial, her counsel stated,

Defendant's attorney was soon after notified by both the Defendant and the Defendant's family that the Defendant does not have the brain functioning ability of an average adult and that the Defendant did not understand what she was agreeing to when she made her plea. The Defendant felt extremely confused and that she should not question the Court and was, therefore, trying to be agreeable.

In Dominguez's motion for a competency examination, her counsel stated,

Defense Counsel believes that the Defendant may not have been competent to stand trial at the time of her plea. She has been previously diagnosed for mental illness. She called her attorney's office after her plea and said she did not understand what she was doing. Her family has also indicated that she did not understand the proceedings against her. Furthermore, counsel for the defendant is not qualified to evaluate conclusively whether the Defendant was competent to enter her plea without the specialized assistance of a mental health expert.

Counsel's statements that Dominguez felt "extremely confused" and that "she did not understand what she was doing" are conclusory in nature. *See id.*; *Watson v. State*, 37 S.W.3d 559, 561 (Tex. App.—Beaumont 2001, no pet.) (holding that defendant's affidavit stating, "I wish to state that I did not intelligently, knowingly or voluntarily enter my plea. I did not understand the plea agreement fully, and I did not understand the consequences of my plea," was too conclusory). Furthermore, Dominguez failed to provide any evidence—such as her medical records or her doctor's testimony—that she had,

5

in fact, been "previously diagnosed with mental illness" or that she did "not have the brain functioning ability of an average adult."[2] *See Fuller*, 253 S.W.3d at 229 (finding that assertion of incompetency, unsupported by facts or evidence, is not sufficient, by itself, to show that the trial court erred in failing to sua sponte order a competency evaluation); *Buerger v. State*, 60 S.W.3d 358, 363 (Tex. App.—Houston [14th Dist.] 2001, pet. ref'd) (holding that defendant's affidavit was too conclusory because despite the defendant's incompetence claim he "did not allege what medication he needed; why it was needed or how its absence affected his competency during the hearing"). Therefore, based on our review of the entire record, we conclude that the trial court did not abuse its discretion by declining to hold a hearing on Dominguez's motion for new trial.  Accordingly, we overrule Dominguez's sole issue.

---

[2] Even if we were to assume that the allegations contained in the motions were true, they do not provide a basis for determining that Dominguez was incompetent at the time she waived her right to an adjudication hearing or entered a plea of true. *Fuller v. State*, 253 S.W.3d 220, 228 (Tex. Crim. App. 2008) (stating that the test for determining a defendant's competency is the defendant's "present ability" to consult with her lawyer with a reasonable degree of rational understanding).

6

## IV.  Conclusion

Having overruled Dominguez's sole issue, we affirm the trial court's judgment.

PER CURIAM

PANEL: MCCOY, J.; CAYCE, C.J.; and MEIER, J.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: March 5, 2009