COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                 FORT
WORTH

 

 

                                        NO.
2-08-056-CR

 

 

MARIA LUISA DOMINGUEZ                                                   APPELLANT

 

                                                   V.

 

THE
STATE OF TEXAS                                                                STATE

 

                                              ------------

 

        FROM CRIMINAL DISTRICT
COURT NO. 2 OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

 

                                              ------------

                                          I.  Introduction

In one issue, Appellant Maria Luisa Dominguez
appeals the trial court=s order revoking her community
supervision.  We affirm.








                          II.  Factual and Procedural Background

In July 2007, Dominguez pleaded guilty to the
offense of unauthorized use of a motor vehicle. 
Pursuant to a plea agreement, the trial court placed Dominguez on three
years=
deferred adjudication community supervision. 
Less than six months later, the State filed a motion to adjudicate,
alleging that Dominguez had violated her community supervision by (1) using
cocaine and marijuana, (2) not attending treatment for substance abuse, and (3)
failing to report to the probation department on more than one occasion.  Dominguez waived her right to a revocation
hearing and entered a plea of true.  The
trial court sentenced Dominguez to confinement for one year in a state jail
facility.  Approximately two weeks later,
Dominguez filed a motion for new trial and a motion for a competency
examination, asserting that she had been incompetent to enter a plea of
true.  The trial court denied Dominguez=s
motions.  This appeal followed.

                                    III.  Motion for New Trial

On appeal, Dominguez asserts that the trial court
erred by denying her motion for new trial because she lacked sufficient
competency to waive her right to a revocation hearing and to enter a plea of
true.








A. 
Standard of Review

We review a trial court=s denial
of a motion for new trial and its decision not to conduct a competency hearing
under the abuse of discretion standard.  See
Holden v. State, 201 S.W.3d 761, 763 (Tex. Crim. App. 2006); Moore v.
State, 999 S.W.2d 385, 393 (Tex. Crim. App. 1999), cert. denied, 530
U.S. 1216 (2000); Lawrence v. State, 169 S.W.3d 319, 322 (Tex. App.CFort
Worth 2005, pet. ref=d).  A trial court abuses its discretion if its
decision is arbitrary or unreasonable.  Lewis
v. State, 911 S.W.2d 1, 7 (Tex. Crim. App. 1995).

B. 
Applicable Law








A person is competent to stand trial unless she
lacks sufficient ability to consult with counsel with a reasonable degree of
rational understanding or lacks a rational as well as factual understanding of
the proceedings.  Tex. Code  Crim. Proc. Ann. art. 46B.003(a) (Vernon
2006).  A person is presumed to be
competent.  Id. art.
46B.003(b).  When a party moves, or when
the trial court becomes aware of evidence suggesting that a defendant is
incompetent, the trial court must conduct an Ainformal
inquiry@ to
determine if there is some evidence to support a finding that the defendant may
be incompetent to stand trial.  Id.
art. 46B.004(c).  If there is such
evidence, the trial court must order an examination to determine if the defendant
is competent and hold a trial on the issue of the defendant=s
competency.  Tex. Code Crim. Proc. Ann.
art. 46B.005(a), (b); Alcott v. State, 51 S.W.3d 596, 601 (Tex. Crim.
App. 2001) (applying predecessor statute).

When competency is challenged in a motion for new
trial, the trial court does not look to whether the evidence raises a bona fide
doubt as to competence; instead, it applies the normal standard used in
deciding a motion for new trial, considering all the evidence presented,
judging the credibility of witnesses, and resolving conflicts in the
evidence.  See Purchase v. State,
84 S.W.3d 696, 699 (Tex. App.CHouston
[1st Dist.] 2002, pet. ref=d); Edwards
v. State, 993 S.W.2d 171, 175 (Tex. App.CEl Paso
1999, pet. ref=d); Powell v. State, Nos.
03-07-00548-CR, 03-07-00697-CR, 2008 WL 3540067, at *4 (Tex. App.CAustin
Aug. 14, 2008, no pet.); Beltran v. State, No. 12-06-00390-CR, 2007 WL
4216541, at *2 (Tex. App.CTyler Nov. 30, 2007, pet. dism=d).  As a prerequisite to a hearing, the motion
for new trial must be supported by an affidavit specifically showing the truth
of the grounds alleged as a basis for a new trial.  Reyes v. State, 849 S.W.2d 812, 816 (Tex.
Crim. App. 1993).  Affidavits that are conclusory
in nature and unsupported by facts are not sufficient to put the trial court on
notice that reasonable grounds for relief exist.  Jordan v. State, 883 S.W.2d 664, 665
(Tex. Crim. App. 1994).








C. 
Analysis

In Dominguez=s motion
for new trial, her counsel stated,

Defendant=s attorney was soon after
notified by both the Defendant and the Defendant=s family that the
Defendant does not have the brain functioning ability of an average adult and
that the Defendant did not understand what she was agreeing to when she made
her plea.  The Defendant felt extremely
confused and that she should not question the Court and was, therefore, trying
to be agreeable.

 

In
Dominguez=s motion for a competency
examination, her counsel stated, 

 

Defense Counsel believes
that the Defendant may not have been competent to stand trial at the time of
her plea.  She has been previously
diagnosed for mental illness.  She called
her attorney=s office after her plea
and said she did not understand what she was doing.  Her family has also indicated that she did
not understand the proceedings against her. 
Furthermore, counsel for the defendant is not qualified to evaluate
conclusively whether the Defendant was competent to enter her plea without the
specialized assistance of a mental health expert.

 








Counsel=s
statements that Dominguez felt Aextremely
confused@ and
that Ashe did
not understand what she was doing@ are
conclusory in nature.  See id.;
Watson v. State, 37 S.W.3d 559, 561 (Tex. App.CBeaumont
2001, no pet.) (holding that defendant=s
affidavit stating, AI wish to state that I did not
intelligently, knowingly or voluntarily enter my plea. I did not understand the
plea agreement fully, and I did not understand the consequences of my plea,@ was too
conclusory).  Furthermore, Dominguez
failed to provide any evidenceCsuch as
her medical records or her doctor=s
testimonyCthat she had, in fact, been Apreviously
diagnosed with mental illness@ or that
she did Anot have
the brain functioning ability of an average adult.@[2]  See Fuller, 253 S.W.3d at 229 (finding
that assertion of incompetency, unsupported by facts or evidence, is not
sufficient, by itself, to show that the trial court erred in failing to sua
sponte order a competency evaluation); Buerger v. State, 60 S.W.3d 358,
363 (Tex. App.CHouston [14th Dist.] 2001, pet.
ref=d)
(holding that defendant=s affidavit was too conclusory
because despite the defendant=s
incompetence claim he Adid not allege what medication
he needed; why it was needed or how its absence affected his competency during
the hearing@).  Therefore, based on our review of the entire
record, we conclude that the trial court did not abuse its discretion by
declining to hold a hearing on Dominguez=s motion
for new trial.  Accordingly, we overrule
Dominguez=s sole issue.








                                          IV.  Conclusion

Having overruled Dominguez=s sole
issue, we affirm the trial court=s
judgment.

 

PER CURIAM

 

PANEL: MCCOY, J.; CAYCE, C.J.; and MEIER, J.

DO NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED: March 5, 2009











[1]See Tex. R. App. P. 47.4.





[2]Even if we were to assume
that the allegations contained in the motions were true, they do not provide a
basis for determining that Dominguez was incompetent at the time she waived her
right to an adjudication hearing or entered a plea of true.  Fuller v. State, 253 S.W.3d 220, 228
(Tex. Crim. App. 2008) (stating that the test for determining a defendant=s competency is the
defendant=s Apresent ability@ to consult with her
lawyer with a reasonable degree of rational understanding).