NUMBER 13-11-00042-CR

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI—EDINBURG

____________________________________________________

 

DAREN
LEE JOHNS,                                                                             Appellant,

 

v.



 

THE STATE OF TEXAS,                                                               Appellee.

 



 

On appeal from the Criminal District Court

of Jefferson County, Texas

____________________________________________________

MEMORANDUM OPINION

 

Before Justices Benavides, Vela, and Perkes   

Memorandum Opinion by Justice Perkes  

 

            Appellant, Daren Lee Johns, pursuant to a plea bargain,
pleaded guilty to delivery of a controlled substance (cocaine), a first degree
felony, and the trial court placed him on five years’ deferred adjudication
community supervision.  Tex. Health
& Safety Code Ann. § 481.112 (West 2010).  The State subsequently
filed a motion to revoke unadjudicated community supervision, alleging
appellant violated the terms and conditions of his community supervision.  The
trial court revoked appellant’s unadjudicated community supervision, found
appellant guilty of delivery of a controlled substance, and sentenced him to
twenty-five years’ confinement in the Institutional Division of the Texas
Department of Criminal Justice.  By one issue, appellant contends he was denied
a complete record on appeal because the reporter’s transcript does not include
the earlier plea bargain proceedings.  No complaint has been made regarding the
current revocation proceeding.[1] 
We affirm.  

I.  Background[2]

            On November 17, 2008, the trial court
sentenced appellant to serve five years of deferred adjudication community
supervision pursuant to a plea bargain.  On that same date, appellant executed
a document entitled “Trial Court’s Certification of Defendant’s Right of
Appeal” which states that the criminal case “[i]s a plea bargain case, and the
defendant has NO right of appeal,” and that “[t]he Defendant has waived the
right of appeal.”  (emphasis in original).  On November 30, 2010, the trial
court held a hearing on the State’s motion to revoke, during which appellant
pleaded true to three counts.[3] 
In addition, appellant admitted during the court’s examination to the
following:  he had been a “big-time addict” for quite a few years; he committed
numerous thefts by check so he could purchase drugs, which included the
revocation of a probation sentence; he had a public intoxication and possession
of paraphernalia charge; and he had a felony possession of a controlled
substance, which resulted in the revocation of five-years of  probation. The
court revoked appellant’s unadjudicated community supervision, found appellant
guilty of delivery of a controlled substance, and sentenced appellant to
twenty-five years’ confinement.  Appellant thereafter executed a document
entitled “Trial Court’s Certification of Defendant’s Right of Appeal,” which
states that the criminal case “[i]s not a plea bargain case and the defendant
has the right of appeal.”  No motion for new trial was filed, and no objections
were made during the course of the revocation proceeding.  This appeal
followed.

II.  Argument on Appeal 

            Appellant contends
that he was denied a complete record on appeal despite his compliance with the
rules to secure a complete record.  See Tex. R. App. P. 34.6 (reporter’s record request); Tex. R. App. P. 35.3 (reporter’s record
filing).  Appellant complains that the appellate record does not include the
reporter’s record from the earlier plea proceeding.  Appellant argues that, as
a result, he “cannot adequately address potential issues to be raised on
direct appeal” regarding matters that might have occurred in the original plea
proceeding, such as the trial court pre-determining the sentence at the time of
entry of the original plea; the trial court making comments that would render
the ultimate sentence insupportable; or the State electing to proceed on a
lesser charge with the trial court’s permission, thereby affecting the
punishment range.  

 

 

III.  Analysis

            The Court of Criminal Appeals held in Manuel,
that a defendant placed on deferred adjudication community supervision may
raise issues relating to the original plea proceeding, such as evidentiary
sufficiency, only in appeals taken when the deferred adjudication community
supervision is first imposed.  See Manuel v. State, 994 S.W.2d
658, 661 (Tex. Crim. App. 1999); see also Tex. Code Crim. Proc. art. 42.12 § 23(b) (West 2010); Nix
v. State, 65 S.W.3d 664, 667—68 (Tex. Crim. App. 2001).  A court of appeals
lacks jurisdiction over an appeal of an earlier order of deferred adjudication
community supervision unless the trial court gives permission to appeal.  See Tex. Code Crim. Proc. art. 44.02 (West
2006); Chavez v. State, 183
S.W.3d 675, 680 (Tex. Crim. App. 2006); Griffin v. State, 145 S.W.3d 645,
648 (Tex. Crim. App. 2004).  The reporter’s
record from the original deferred adjudication proceeding is not necessary to
the resolution of an appeal from a revocation proceeding.  Daniels v. State,
30 S.W.3d 407, 408 (Tex. Crim. App. 2000); see also Manning v. State, No.
09-10-00068-CR, 2010 Tex. App. LEXIS 8105, at *3 (Tex. App.—Beaumont Oct. 6, 2010,
no pet.) (mem. op.); Scott v. State, No. 05-02-00841-CR, 2003
Tex. App. LEXIS 3126, at *2 (Tex. App.—Dallas Apr. 10, 2003, no pet.) (mem.
op.).  

We lack jurisdiction to
entertain an untimely appeal involving issues from the plea proceeding.  Appellant’s “potential issues”
relate solely to his original plea proceeding, and they were required
to be timely presented after the trial court imposed deferred adjudication
community supervision.  Appellant did not obtain the trial court’s
permission for an appeal from the plea proceeding, but rather waived his right to
an appeal.  Consequently, the reporter's record from that proceeding is not
necessary to the resolution of this appeal.  We overrule appellant’s sole issue.

IV.  Conclusion

            We affirm the judgment of the trial court.

 

                                                                                    ______________________________

                                                                                    Gregory T. Perkes

                                                                                    Justice

 

Do not publish.  See Tex.
R. App. P. 47.2(b).

Delivered and filed the   

29th day of August, 2011.   

 

 









[1] The appellate record includes the reporter’s transcript
from the current revocation proceeding,
but does not include the reporter’s transcript from the earlier plea-bargain
proceeding.

 





[2] This case is before this Court on transfer from the
Ninth Court of Appeals in Beaumont pursuant to an order issued by the Supreme
Court of Texas.  See Tex. Gov’t
Code Ann. §73.001 (West 2005). 

 





[3]  The State’s motion alleged:  (1)  appellant failed
to report to the Community Supervision and Corrections Department for the
months of May, June, July, August, and September, 2010;  (2) appellant failed
to immediately report to the community supervision officer his change of
address; and (3) appellant failed to provide verification of performing the
community service hours required.